JULIUS P. MORGAN, RESPONDENT. *v.* THE CITY OF BING-HAMTON AND JOHN W. SULLIVAN, APPELLANTS.

*Sewers — when their construction by a city will be enjoined, on the application of a party to be injured thereby — it is not necessary that the injury should result immediately after their construction — the person contracting to build the sewer may be made a defendant.*

This action was brought to restrain the city of Binghamton from constructing a sewer in Carroll street, running into the Susquehanna river, upon the ground that the sewage would be deposited upon land lying in or near the stream, and be a nuisance to the adjoining land of the plaintiff. The court held that if the sewer was used only by the residents of Carroll street the discharge therefrom would be insufficient to injure the plaintiff, but that if it should be connected with other sewers, as was intended by the city, the discharge would in time produce a nuisance. It allowed the sewer to be constructed for the use of the residents of Carroll street, but enjoined the city from connecting other sewers with it.

*Held*, that this was a proper judgment to render.

The court found that the injury to be occasioned by the deposit of the sewage would vary with the nature of the season, it being greater in dry and less in wet seasons, and that no injury might be occasioned until after the sewer had been in full operation for a year or more.

*Held,* that the fact that the injury had not actually been or would not immediately be sustained did not prevent the court from granting the injunction.

That if the plaintiff had remained inactive and had permitted all the sewers to be constructed, knowing the damage which would result therefrom, and should thereafter apply for an injunction, it might be held that he was equitably estopped from claiming that kind of redress.

The person having the contract to construct the ·sewer was made a party defendant.

*Held,* no error; that he was a proper, though perhaps not a necessary party defendant.

APPEAL from a judgment in favor of the plaintiff, entered upon the trial of this action by the court without a jury.

*W. M. Hand,* for Sullivan, appellant.

*A. D. Wales,* for the City of Binghamton, appellant.

*G. L. Sessions,* for the respondent.

LEARNED, P. J. :

The plaintiff claims that a certain sewer, which the defendants were constructing at the commencement of the action, will injure him by creating a nuisance which will affect his land. The sewer discharges its contents into the Susquehanna river, above the land of plaintiff. And his claim is that thereby the offensive matter of the sewage will be deposited upon land lying in or near the stream, sometimes covered with water and sometimes exposed; that these deposits will be offensive, and will thus be a nuisance to land of the plaintiff adjacent or near.

The construction of the sewer proceeded during the pendency of the action. The court held that, if this sewer, which is built in Carroll street, were used only by the inhabitants of that street, the discharge therefrom would be insufficient to injure; but that, if it should be connected with other sewers (as was intended by the city), this use would in time produce a nuisance. He therefore enjoined the use by the city of this sewer to receive the contents of other sewers.

The first position of the defendant, the city, is that the construction of sewers is committed to the discretion of the common council, and the courts cannot interfere. (*Lynch* v. *Mayor,* 76 N. Y., 63.) We recognize the correctness of the rule. But nothing which has been held in that and similar cases permits a city to turn

its sewage upon the property of a person to his injury. (*Byrnes* v. *Cohoes*, 67 N. Y., 204; Van Woert street sewer cases in Albany, *Noonan* v. *City of Albany*, 79 id., 470.)

The neglect to put in a sewer is not a cause of action. But it is not lawful to build a sewer and to discharge its contents on private property.

In the next place, the defendant insists that the nuisance, if any, is public, and therefore the plaintiff has no right to complain. If the plaintiff and other persons similarly situated are injured by the nuisance in a way in which the whole public are not injured, then, though the public may also have a remedy, the plaintiff is not remediless. Offensive manufactures may be public nuisances. But if they specially annoy and injure several persons in respect to separate lands owned by them, these persons have a remedy. One of them may sue although others are also injured, and although the public might prosecute.

The court held that the pernicious effects of the depositing of sewer matter at the point where the plaintiff complains that he is injured, were dependent on various uncertain future events; that if the season was wet these effects would not be felt for a year after the sewer was in full operation; and generally, without repeating the findings, that if the second and third and future seasons were changeable from wet to dry and hot, the evil effects would be felt the second season and more thereafter. That the injurious effects were likely to occur within two years, and very sure to occur within three; provided the sewer were used as a discharge for other sewers to any extent. That the danger would be imminent that the sewer would produce such nuisance if used to receive other sewers. It is urged by the defendant that the court should not interfere to prevent a merely apprehended injury. Now, we must observe that this is not a merely apprehended injury, with no reason to think that injury will happen. The city intended, before restrained, to construct a system of sewers which should drain into this Carroll street sewer. Hence this was but the beginning, and the rest of the enterprise was threatened. If the plaintiff had remained inactive and had permitted the construction of all these sewers, it might justly be said, when he should come into equity for relief, that he was equitably estopped from that kind of redress; that he had per-

·mitted the city to go on and expend a large amount of money, knowing that the sewer would be a nuisance to him and that he ·ought to have interfered at once and stopped the construction if it were likely to injure him. And this position would have been of great force.

The plaintiff now says, "you are beginning to build a system of sewers, all of which are to find their outlet in this one. You necessarily begin with this. Your completed system, at least, will create a nuisance on my land; even though the court hold that the Carroll street sewer alone is not enough to do harm. Therefore I complain at once and ask to be protected. If your plans are going to injure me, change them before more has been expended." We think, therefore, that if there were in other respects a good cause of action, the mere fact that the sewer, if used by the inhabitants of other streets, would not produce immediate injury does not prevent the recovery in this case. For the injury, as found by the court, will, under the ordinary course of things, come by the natural accumulation of the deposit. And though it may be delayed, or even prevented, by a wet season, yet this is no protection to the plaintiff against the danger to which he is exposed.

The defendant urges that the extent of the use of this sewer being in the discretion of the common council, it is not to be supposed that they will use it improperly. But the reply is that the plans contemplated the use of this sewer to receive the contents of other sewers. It is reasonable to believe that it would be so used. If there is no intention so to use it, the injunction is harmless.

The conclusions of the learned court upon matters of fact are entitled to be almost conclusive in this case. A large amount of testimony was taken; and in addition the court, by consent of the parties, made a personal examination of the places where the questions arise. The question whether or not the solid matter of the sewage will be deposited on the river bed or bank near to the plaintiff's land is one purely of fact. Little aid is given to us by arguments that the currents of water would sweep the sewage out into the stream and down below the point in question. Perhaps they ought to do so. But the question is, do they? And on that the findings of the learned justice on the testimony and on his personal examination must be better than any judgment which we can

give. There is certainly nothing strange that sewage should be carried down a stream like the Susquehanna, at Binghamton, and deposited on or near the bank, upon land, sometimes covered and sometimes dry. Nor is it strange that such deposits should be offensive and malarious.

We are not unmindful of the importance to the city of having a proper system of sewers. But this importance does not, we think, authorize the city to do an act which shall discharge sewage so that the deposits will make the plaintiff's land unhealthy. In order to show that this was not an absolute necessity, the court seems to have considered the question whether the sewage could not be carried to some point where, owing to the increased volume of water and the stronger currents, no evil would arise. And the court has found that such a construction was possible. This is important only in order to show that the system enjoined is not of absolute necessity; since it is not the business of courts to plan systems of sewerage.

We have looked at the exceptions to the exclusion of evidence and find no error.

Sullivan, the other defendant, was the contractor for building the sewer. It was proper to include him as defendant in an action to enjoin the construction, though it may not have been necessary to do so.

Pending the action, the injunction was modified so as to permit the construction of the sewer. At the end of the case the court adjudged that Sullivan should be discharged from all further connection with the action; but without cost. This was not, perhaps, a very formal manner of disposing of this defendant. But it practically did him no harm except as to damages on the undertaking given for the injunction. He was a proper party defendant. He was restrained, it would seem, until the modification of the injunction November 1, 1882, the injunction having been granted October 6, 1882. The court, by its final judgment, seems practically to sustain the injunction as modified. And the court refused to hold that the plaintiff was not entitled to the temporary injunction.

Sullivan's contract was for the construction of the Carroll street sewer. The court holds the construction of that sewer to be proper. It seems to us, therefore, that Sullivan was entitled to a final judg--

ment in his favor deciding that there should be no injunction against him, but without costs of the action.    This will place Sullivan in a condition, if he shall choose, to claim damages by reason of the injunction from the time it was served till it was modified. Sullivan also should have costs of this appeal.

Judgment affirmed against the city, with costs.

Judgment modified as to Sullivan as above stated, with costs of appeal to him.

Present — LEARNED, P. J., BOARDMAN and BOCKES, JJ.

So ordered.