LAWRENCE BYRNES, Respondent, *v.* THE CITY OF COHOES, Appellant.

Where exceptions have been taken upon a trial it is, in general, erroneous to direct a verdict subject to the opinion of the court at General Term; but if the parties consent to such a disposition of the case, this is an abandonment or waiver of the exceptions, and they will be disregarded.

Defendant made, in one of its streets upon which was situated a lot belonging to plaintiff, a gutter and curb, which ended opposite plaintiff's lot, and which conducted the water of the ward down that street; the water having no outlet, flowed upon plaintiff's lot, flooding his house,

etc. Before this gutter was made there was a natural course which took off the water another way. A drain could have been made to carry it off. In an action to recover the damages, *held,* that the facts established a cause of action.

The rule that a municipal corporation is not liable for an omission to supply drainage or sewerage does not apply where the necessity for the drainage is caused by the act of the corporation itself.

(Argued September 22, 1876; decided November 14, 1876.)

APPEAL from judgment of the General Term of the Supreme Court in the third judicial department in favor of plaintiff, entered upon an order directing judgment upon a verdict. (Reported below, 5 Hun, 602.)

This action was brought to recover damages for the flooding of plaintiff's house and premises, alleged to have been occasioned by the neglect of defendant to provide a sewer or outlet to carry off the water from the street gutter in front of plaintiff's premises.

Various exceptions were taken by defendant upon the trial, but at the conclusion thereof the counsel for the respective parties agreed as to the amount of damages, and consented that a verdict might be directed for plaintiff for the amount so agreed upon, subject to the opinion of the court at Special Term. A verdict was directed and rendered accordingly.

The facts appearing upon the trial are stated in the opinion.

*Samuel Hand* for the appellant. The judge had no power to order a verdict subject to the opinion of the court, exceptions having been taken to the admission or exclusion of evidence. (*Bell* v. *Shibley,* 33 Barb., 610, 614; *Purchase* v. *Mattison,* 25 N. Y., 211; *Sackett* v. *Spencer,* 29 Barb., 180; *Briggs* v. *Merrill,* 58 id., 389; *Chambers* v. *Granston,* 7 Bosw., 414; *Bang* v. *Palmer,* 16 How., 542; *Havemeyer* v. *Cunningham,* 8 Abb., 1.) It was error to allow plaintiff to show what was done after the injury to prevent the overflow. (*Dougan* v. *Champ. Co.,* 56 N. Y., 8.) Defendant was not obliged to provide sewerage. (*Kavanaugh* v. *City of Bklyn.,* 38 Barb., 232; *Cole* v. *Trustees of Medina,* 27 id., 218;

*Hines* v. *City of Lockport*, 50 N. Y., 236; *Mills* v. *City of Bklyn.*, 32 id., 489; *Wilson* v. *Mayor, etc.*, 1 Den., 595.)

*Olin A. Martin* for the respondent. Defendant was liable for the injuries complained of. (*Roch. W. L. Co.* v. *City of Roch.*, 3 N. Y., 463; *Delmonico* v. *Mayor, etc.*, 1 Sandf., 222–226; *McCarty* v. *City of Syracuse*, 46 N. Y., 194; *Conrad* v. *Trustees of Ithaca*, 16 id., 158; *Lacour* v. *Mayor, etc.*, 3 Duer, 406; *Bailey* v. *Mayor, etc.*, 2 Den., 443; *Barton* v. *City of Syracuse*, 36 N. Y., 54; *Hines* v. *City of Lockport*, 50 id., 236; *Donohue* v. *Mayor, etc.*, 3 Daly, 65–68; Whart. on Neg., 264; Dillon on Mun. Corps., §§ 774–778; *Nevins* v. *Peoria*, 41 Ill., 508; *Phinizy* v. *City Council of Augusta*, 47 Ga., 260–268; *St. Peter* v. *Denison*, 58 N. Y., 416; *Bradt* v. *City of Albany*, 5 Hun, 592; *O'Brien* v. *St. Paul*, 18 Minn., 176; *Columbus* v. *Woolen Co.*, 33 Ind., 435; *City of Dixon* v. *Baker*, 16 Am. R., 591; *City of Aurora* v. *Reed*, 57 Ill., 29; *Pettigrew* v. *Vil of Evansville*, 25 Wis., 223; 3 Am. R., 50; 1 Den., 595; Wood on Nuis., § 744.)

RAPALLO, J. The facts were not in dispute on the trial of this action, and it was a proper case in which to direct a verdict subject to the opinion of the court, but for the exceptions taken during the course of the trial. Where a verdict is taken subject to the opinion of the court, the question to be decided at General Term is, which party is entitled to final judgment on the facts proved at the trial; whereas, upon exceptions, the question ordinarily is whether or not a new trial shall be granted. It is manifest that the two proceedings are inconsistent, and that where exceptions have been taken it is in general erroneous to direct a verdict subject to the opinion of the court. Such a course would deprive the excepting party of the benefit of his exceptions.

But it appears, in this case, that at the close of the trial it was conceded by both parties that there was no dispute about the facts, the amount of damages was agreed upon, and both parties expressly consented that a verdict be directed for the

plaintiff subject to the opinion of the court at General Term. This consent necessarily involved an abandonment or waiver of the exceptions which had previously been taken during the trial and amounted, in substance, to an agreement to submit to the court at General Term the question which party should have judgment on the undisputed facts established by the evidence. The exceptions must therefore be disregarded on this appeal.

The facts established at the trial, as stated by the court at General Term and assumed on the argument here, were that the defendant made a gutter and curb in Main street (on which street the plaintiff's lot was situated) and conducted the water of the fourth ward of the city of Cohoes down that street; that the curb and gutter ended opposite plaintiff's lot; that before the curbing was made there was a natural course which took off the water another way; that the curbing brought it to the plaintiff's lot; that the gutter was not complete in front of plaintiff's place; that the water came down Main street and down the gutter and had no outlet and flooded plaintiff's house and did the damage complained of; that the water flowed direct from the gutter on the premises; that a drain could have been built so as to carry off the water, and that a well-hole was afterwards fixed so as to carry off the water.

We are of opinion that on this state of facts the plaintiff was entitled to recover. Diverting the water from its natural course so as to throw it upon the plaintiff's premises, without providing any outlet, and thus injuring his building, was a wrong for which he was entitled to redress. The cases cited on the part of the appellant to the effect that a municipal corporation is not liable for an omission to supply drainage or sewerage, do not apply to a case where the necessity for the drainage or outlet is caused by the act of the corporation itself.

The judgment should be affirmed.

All concur.

Judgment affirmed.