BARNARD LYNCH, Appellant, *v.* THE MAYOR, ALDERMEN AND COMMONALTY OF THE CITY OF NEW YORK, Respondent.

A municipal corporation has the right to fill up and grade its streets; and, although because of such an improvement upon a street, the surface water of adjoining lots may be prevented from flowing upon the street, or the surface water may be thrown therefrom upon said lots, and caused to flow upon them in a different way and in larger quantities than before, no liability arises against the corporation.

Such a corporation may exercise its discretion, subject to no review or question, in any court, whether, at any particular place, it will build a sewer, and what water it will conduct into an existing sewer, and what drains it will connect therewith.

Plaintiff's complaint alleged, in substance, that he owned a lot west of Eleventh avenue, in New York city; that defendant caused the grade of said avenue to be raised twenty feet, and neglected to provide means of carrying off the rain water, which fell upon said avenue, or to prevent it draining on adjoining lands, as was usually done, by reason whereof the rain water flowed from said avenue upon plaintiff's lot, doing damage, etc. *Held,* that the complaint did not state a cause of action; that defendant did not owe plaintiff any duty to protect his premises from the flow of rain water from the avenue.

(Argued December 16, 1878; decided January 21, 1879.)

APPEAL from judgment of the General Term of the Supreme Court, in the first judicial department, affirming a judgment in favor of defendant, entered upon an order dismissing plaintiff's complaint on trial.

The nature of the action and the facts are set forth sufficiently in the opinion.

*Alexander B. Johnson,* for appellant.   If defendant diverted the surface water so that an unusual quantity was thrown on plaintiff's land and injury occurred therefrom, defendant is liable.   (*Byrnes* v. *City of Cohoes,* 67 N. Y., 206; *Bastable* v. *City of Syracuse,* 8 Hun, 587; *Inman* v. *Tripp,* 17 Alb. L. J., 12; *Nevins* v. *Peoria,* 41 Ill., 502; *City of Aurora* v. *Gillette,* 56 id., 132; *City of Aurora* v. *Reed,* 57 id., 29; *City of Jacksonville* v. *Lambert,* 62 id.; *Pettigrew* v. *Evansville,* 25 Wis., 223; *Ashley* v. *Port Hudson,* 15 Alb. L. J., 81.)   Defendant was bound to provide sewers to carry off the water.   (*Furze* v. *Mayor, etc., of N. Y.,* 3 Hill, 615; *White Lead Co.* v. *Rochester,* 3 N. Y., 469; *McCarty* v. *Syracuse,* 46 id., 194; *Nims* v. *Troy,* 59 id., 599; *Hines* v. *Lockport,* 50 id., 236.)

*D. J. Dean,* for respondent.   Defendant was not liable for any injury to plaintiff's land from an overflow of water caused by a change of the grade of the street.   (Dillon on Munc. Corp., §§ 798, 799; *Wilson* v. *Mayor,* 1 Den., 595; *Mills* v. *Brooklyn,* 32 N. Y., 489; *Flagg* v. *Worcester,* 13 Gray, 601; *Kavanagh* v. *Brooklyn,* 38 Barb., 232; *Imler* v. *Springfield,* 7 Am. R., 645; *Turner* v. *Dartmouth,* 13 Al., 292; *Dickinson* v. *Worcester,* 7 Al., 19; *Barry* v. *Lowell,* 8 id., 127; *Gamon* v. *Hagadon,* 10 id., 106; *Goodale* v. *Tuttle,* 29 N. Y., 459; *Franklin* v. *Fisk,* 13 Al., 211; *Town of Union* v. *Darkes,* 38 N. J. L., 21.)

EARL, J.   The complaint does not state a cause of action. It alleges that plaintiff owned a lot, in New York city, on One Hundred and Thirtieth street, about 700 feet westerly from Eleventh avenue ; that the defendants caused the grade of the avenue to be raised twenty feet above the surface of the adjoining lands ; that they failed and neglected to provide any means of carrying off the rain water which fell upon the avenue, or to prevent such water from draining upon the adjoining lands ; that, in the construction of works of a similar character, it is proper and usual to build embank-

ments to prevent rain water from flowing over the sides of the avenue, and also to build receiving basins or sewers to carry the same off, all of which defendants failed and neglected to build ; that, by reason of such neglects and failures, the rain water flowed off from the avenue upon the lot of the plaintiff, and did him great damage.

There is no allegation that defendants, by this work upon the avenue, diverted any stream of water upon plaintiff's lot, or that they collected surface water into a channel and thus threw it upon such lot, or that they caused any more water to flow upon the lot than would have flowed there if the avenue had not been raised. The substance of the complaint is that the defendants did not protect plaintiff's lot, by sewers or embankments, from the rain water which fell upon the avenue, and flowed therefrom. That the defendants did not owe the plaintiff such protection is too well settled in this State to be questioned or to require further discussion. (*Wilson* v. *The Mayor*, 1 Denio, 595 ; *Mills* v. *City of Brooklyn*, 32 N. Y., 489 ; *Kavanagh* v. *City of Brooklyn*, 38 Barb., 232.)

The cause of action alleged is not like that found in the case of *Byrnes* v. *City of Cohoes* (67 N. Y., 204), where the defendant constructed a gutter, and in it conducted the surface water of a whole ward, which before flowed in another direction, directly to and upon the plaintiff's lands ; nor like that found in the case of *Bastable* v. *City of Syracuse* (8 Hun, 587), where the defendant, in substantially the same way, collected the surface water from thirty-two acres of land, which formerly flowed in another direction, and caused it to flow, in large volumes, upon the plaintiff's land. The cases cited by appellant's counsel from the Illinois Reports (*Nevins* v. *Peoria*, 41 Ill., 502; *City of Aurora* v. *Gillette*, 56 id., 132; *Same* v. *Reed*, 57 id., 29; *City of Jacksonville* v. *Lambert*, 62 id., 519), are like the cases of *Byrnes* v. *City of Cohoes* and *Bastable* v. *City of Syracuse*, although there are *dicta* in those cases which might not be regarded as sound law in this State.

This complaint might, therefore, have been properly dismissed, upon defendant's motion, at the opening of the trial, on the ground that it did not allege a cause of action.

But the proofs were substantially as defective as the complaint. They showed that the avenue was raised ten feet. There was no evidence showing where the surface water flowed before the grading of the avenue, or that any more flowed upon plaintiff's lot than before. One might guess that more did flow there, but it was incumbent upon plaintiff to prove it by satisfactory evidence. It was not shown that the surface water from a large area, as in the cases above cited, was collected into a channel and thrown upon the plaintiff's lot. The natural flow of the surface water seems to have been towards this lot, from at least two directions ; and what the condition of the lot would have been, but for the raising of the avenue, cannot be known from the case.

The defendant had, at least, as much right to fill up and raise this avenue as a private owner of a city lot has to fill up and improve his lot ; and there can be no question that such an owner may fill up his lot, and build upon it ; and the surface water of adjoining lots may thus be prevented from flowing upon it, or the surface water may be thrown from it upon adjoining lots, and flow upon them in a different way and in larger quantities than before ; and yet no liability would arise. If it were otherwise, it would be quite difficult to improve city lots, and build up a city. Each owner may improve his lot, and protect it from surface water. He may not collect such water into a channel, and throw it upon his neighbor's lot. But he is not bound, for his neighbor's protection, to collect the surface water which falls upon his lot, and lead it into a sewer. (*Vanderwiele* v. *Taylor*, 65 N. Y., 341; *Gannon* v. *Hargadon*, 10 Allen, 106.)

There are no facts, in this case, which made it the imperative duty of the defendant to drain the rain water, which fell upon the avenue, into the sewer which existed in One Hundred and Thirtieth street. It is settled that a city may

exercise its discretion, subject to no review or question in any court, whether, at any particular place, it will build a sewer; and what waters it will conduct into an existing sewer, and what drains it will connect therewith, must usually, for the same reason, also be within its discretion. (Dillon on Mun. Cor., § 799.)

The judgment must be affirmed, with costs.

All concur.

Judgment affirmed.