## WILLIAM BEACH, Respondent, v. THE CITY OF ELMIRA, Appellant.

*City—when it may be restrained from discharging sewage upon private property.*

The plaintiff purchased from the State certain lands, formerly used for canal purposes, through which ran a ditch or culvert used to carry off the surplus waters from a portion of the Chemung canal. Thereafter the legislature authorized the defendant to use that portion of the canal which was adjacent to the plaintiff's premises, with power to fill and improve the same, and adopt it as a public street and lay a sewer therein. In pursuance of this permission, the defendant occupied the said portion of the canal as a street and constructed a sewer therein, connecting with the culvert running under the plaintiff's premises, which sewer the defendant used and allowed others to use for the purpose of draining and conducting off from their premises slops, refuse, and other foul matters, which accumulated under the plaintiff's premises, occasioning a foul, unhealthy and offensive smell therein, to such an extent as to render the buildings thereon unfit for occupancy.

*Held*, that the plaintiff was not obliged to bring an action at law to abate the nuisance and for damages, but was entitled to an injunction restraining the defendant from discharging, or allowing to be discharged, on his premises, through the said sewer, any foul, noxious, or offensive matter, or any matter whatever other than the surface water, if any, from the said canal.

APPEAL from a judgment in favor of the plaintiff, entered upon the trial of this action by the court without a jury.

The justice before whom the case was tried found:

"That the defendant was, at the time and times mentioned in the plaintiff's complaint, a municipal incorporation, duly created under and by the laws of the State of New York. That since June 8, 1868, the plaintiff has been, and still is, the owner and in

the possession of the premises and real estate mentioned and described in the plaintiff's complaint in this action, and upon which are situated the buildings and stores in said complaint described as being thereon. That before and since the erection of the building upon said premises in about the year 1869, there was and has been a ditch or passage-way over and across premises, through which the surplus waters of the said Chemung canal flowed into the Chemung river; that said water came into the said ditch or passage way from the Chemung canal through a culvert under Water street in said city, said canal being north of plaintiff's premises, extending northerly to the city limits and beyond. That said Chemung canal was constructed in and about the year 1832, and was used and operated as such until about the year 1866. That in or about the year 1872 the legislature of the State of New York passed an act authorizing the defendant to use that portion of the Chemung canal south of its junction with the Junction canal to the southern terminus of the said Chemung canal (which was the north line of the above-mentioned premises of the plaintiff), or so much thereof as the defendant might determine, with power to fill and sewer, improve, and otherwise adopt the same for a public street. That in or about the month of July, 1873, the defendant duly accepted as a public street that part of said Chemung canal which was described in the aforesaid act of the legislature, and after the occupation of said canal as a public street, and before the commencement of this action, the defendant caused a sewer to be constructed in said street or canal, and connected the same with the culvert mentioned in the third finding of fact herein. That the defendant has used, and allowed others to use, said sewer for the purpose of draining and conducting off from their premises slops, refuse water, drainage of privies, and other foul matter usually conveyed off through sewers in cities; that the matter thus collected in said sewer has been discharged through the same into the said culvert and on to the premises of the plaintiff. That by reason of the discharge of such foul matter upon the premises of the plaintiff, a foul, disagreeable, unhealthy, offensive and noxious smell or stench has been created upon said premises, tainting and corrupting the atmosphere in and aorund the said building and premises, to the extent of greatly im-

pairing the enjoyment of the said buildings and premises, and rendering the said building unfit for the occupancy of the plaintiff or his tenants. That the discharge of said foul matter upon the plaintiff's premises created a nuisance thereon, of which the defendant had notice; that such nuisance was caused by the discharge of said foul matter from said sewer upon said premises, and not by the discharge of the water of said canal, or that accumulated in said canal, or which came from the same source as the water that passed over the plaintiff's said premises prior to the construction of said sewer."

He found, as conclusions of law:

"That the defendant had, and still has, the right to allow the surplus waters from the said canal, if any there be, to pass into said culvert and over the plaintiff's said premises, substantially as they did when the plaintiff's said building was erected. But that the defendant had no right to use or allow the said sewer to be used for the purpose of receiving or conducting on to the premises of the plaintiff other foul or noxious matter which was injurious to him. That the plaintiff is entitled to a decree of this court restraining the defendant from discharging or allowing to be discharged on to the plaintiff's premises through said sewer any foul, noxious or offensive matter or substance whatever, other than the surface waters, if any, from said canal, or such as formerly, and before the construction of said sewer, passed through said canal and over said premises."

*E. C. Vanduzer* and *J. McGuire*, for the appellant. The plaintiff should have brought an action at law to have the nuisance abated and for damages. It is a well-settled rule that an action for equitable relief will not be sustained where the plaintiff has a complete remedy at law. (*Mills* v. *Black*, 30 Barb., 549; *Wilson* v. *Forsyth*, 24 Id., 105; *Bouten* v. *City of Brooklyn*, 15 Id., 375; *Heywood* v. *City of Buffalo*, 4 Kern., 534; *Crippen* v. *Hudson*, 3 Id., 161; *Marsh* v. *Benson*, 19 How. Pr., 421; *White* v. *Reynolds*, MS.; *Balcom* v. *Julien*, 22 How. Pr., 349; *Stevenson* v. *Fayerweather*, 21 Id., 449; Story Eq. Jur., §§ 925–929; *Sixth Ave. R. R. Co.* v. *Kerr*, 28 How. Pr., 283; *Sweet* v. *City of Troy*, 12 Abb.,

Pr., N. S., 100; Thompson on Provisional Rem., 207; *People* v. *Horton*, 5 Hun, 522; *Messick* v. *Supervisors of Columbia Co.*, 50 Barb., 191.) In determining what drains or sewers shall be built and where they should discharge, the common council acts *quasi* judicially; they act not as agents of the city but as public officers, and the corporation is not liable for their acts in the construction of such sewer. (*Child* v. *City of Boston*, 4 Allen, 41; *Merrifield* v. *City of Worcester*, 110 Mass., 216; *Wilson* v. *Mayor, &c. of N. Y.*, 1 Denio, 595; *Furze* v. *Mayor, &c. of N. Y.*, 3 Hill, 612; *Mills* v. *City of Brooklyn*, 32 N. Y., 489; *Hines* v. *City of Lockport*, 50 Id., 236.) The aid of an injunction cannot be invoked to prevent, nor will an action lie to redress a consequential injury necessarily resulting from the lawful exercise of a right granted by the sovereign power of the State, or authorized by competent municipal authority. (*Williams* v. *New York Central R. R. Co.*, 18 Barb., 222; *Arnold* v. *Hudson R. R. Co.*, 49 Id., 108; *Sweet* v. *City of Troy*, 12 Abb. Pr., 103; *Milhau* v. *Sharp*, 15 Barb., 193; *Radcliff's Ex.* v. *City of Brooklyn*, 4 Comst., 195.) Courts will not enjoin a municipal corporation in the performance of an act authorized by law. (*Gallatin* v. *Oriental Bank*, 16 How. Pr., 253; *Bruce* v. *Delaware & Hudson Canal Co.*, 19 Barb., 371; *Sixth Ave. R. R. Co.* v. *Kerr*, 28 How. Pr., 382; *Dry Dock Co.* v. *Mayor, &c. of N. Y.*, 55 Barb., 298.) The common council was acting within its powers and jurisdiction in laying the sewer, and its use should not be restrained. (*Western R. R. Co.* v. *Nolan*, 48 N. Y., 519; *City of Chicago* v. *Wright*, 69 Ill., 318; *People* v. *Canal Board*, 55 N. Y., 390.) The remedy of the plaintiff was to apply to the board of health for the abatement of the nuisance. (*People* v. *Corporation of Albany*, 11 Wend., 539; *City of Rochester* v. *Collins*, 12 Barb., 559; *Cole* v. *Trustees of Medina*, 27 Id., 218; *Wilson* v. *City of New York*, 1 Denio, 595; *People* v. *Horton*, 5 Hun, 516.)

*Hill & Stanchfield*, for the respondent. The acts of the defendant do not constitute a "single" trespass. The discharge of this filth upon the plaintiff's premises, "constitutes a continuing source of danger, from which injury and damage may flow in endless rep-

etition." A resort to damages does not afford adequate protection and redress. (*Foot* v. *Brown,* 4 Lansing, 47, 52; *Corning* v. *Troy Iron & Nail Factory,* 40 N. Y., 191.) It is not now necessary that the plaintiff's rights should be first established at law, before an injunction can be had. (*Pollitt* v. *Andrews,* 58 Barb., 20; *Corning* v. *Troy Iron & Nail Factory,* 40 N. Y., 191; *Broiestedt* v. *South Side R. R. Co.,* 55 Id., 220.) It is an elementary principle of equity jurisprudence, that equity will interfere to prevent a *nuisance,* where it occasions some special injury to the plaintiff. (*Penniman* v. *New York Balance Co.,* 13 How. Pr., 40; *Milhau* v. *Sharp,* 27 N. Y., 612; *Doolittle* v. *Supervisors of Broome Co.,* 18 Id., 160; *Campbell* v. *Seaman,* 63 Id., 568; *Mulligan* v. *Elias,* 12 Abb. Pr., N. S., 259; *Brady* v. *Weaks,* 3 Barb., 157; *Peck* v. *Elder,* 3 Sandf., 126; *Catlin* v. *Valentine,* 9 Paige, 575.)

LEARNED, P. J.:

The learned justice who tried this case held that the defendant had a right to allow surplus waters, if any, from the canal, to pass into the culvert and through the plaintiff's premises, substantially as they did when the plaintiff's building was erected; but had no right to use or allow the sewer to be used for receiving or conducting over the plaintiff's premises foul or noxious matter. And he enjoined the defendant from discharging on said premises through said sewer such foul, noxious, or offensive matter.

There is no doubt as to the existence of the nuisance complained of and as to the pecuniary and special injury caused to the plaintiff's property. The defendant has constructed a sewer in the street formed on the line of the abandoned canal (apparently called State street). This sewer receives the drainage of privies and other foul matter, and discharges it through what is called the State culvert, and thence upon the plaintiff's land, rendering his building unfit for occupancy.

The defendant, on this appeal, insists that an injunction is not the proper remedy. The case of *Campbell* v. *Seaman* (63 N. Y., 568) is directly in point to show that an injunction should issue to prevent a nuisance like the present. And where the healthfulness

of the plaintiff's property has been impaired, it is eminently just that the court should prevent the continuance of the wrong.

Again, the defendant insists that the corporation is not liable for the acts of the common council, because, in determining what sewers should be built they act *quasi* judicially, not as agents of the city, but as public officers. (*Mills* v. *Brooklyn*, 32 N. Y., 489, and similar cases.) But the doctrine of these cases is, that the city is not liable to a private action for not providing sufficient sewerage and the like; that is, for such injuries as may be called indirect. In the present case, the city has emptied one of its sewers on the plaintiff's land. That is a direct violation of his right; a continual trespass on his property. And for that the city is liable, just as any private person would be. (*Bradt* v. *Albany*, 12 N. Y. Sup'm Ct., 591; *Byrnes* v. *Cohoes*, Id., 602. Affirmed, 67 N. Y., 204, 207.) The last case is closely analogous to the present.

The authority given by the legislature to the defendants to lay a sewer in the street (now called State street), conferred no right to discharge the contents of the sewer upon private property. If the city could lawfully discharge those contents on the plaintiff's land, then they might discharge them on the land of any other person who lived on the street or elsewhere. That is, they could make any person's land the receptacle for sewage. No such power was given.

The defendant urges that it cannot build a sewer through the plaintiff's premises, and, therefore, cannot reach the river with its sewers. Whether it is possible or not to find a proper outlet for the sewers, we cannot determine. It would seem (as a matter of fact) that the plaintiff was willing to have a suitable and sufficient outlet constructed on his premises. But, however that may be, the difficulty under which the defendant claims to lie cannot give a right to use the plaintiff's land for sewage deposits.

It is also suggested that the operation of the injunction should have been postponed so as to give the defendant time to construct a proper outlet. No such request seems to have been made at the trial. And it appeared that the attention of the defendant had been called to the matter in August, 1878, and that this action was commenced in February, 1879. A sufficient time had been given

for the defendant to act. It was the defendant's duty to remedy the wrong at once.

The judgment should be affirmed, with costs.

Present—LEARNED, P. J., BOCKES and FOLLETT, JJ.

Judgment affirmed, with costs.