FRANK SEIFERT, Respondent, *v.* THE CITY OF BROOKLYN, Appellant.

A municipal corporation has no right, in the exercise of its power to determine when, where and how to make improvements, to do so upon a plan which substantially involves the appropriation by it of the property of a citizen to a public use without making compensation therefor.

Where exercise of a judicial or discretionary power by a municipal corporation results in a direct and physical injury to the property of an individual, which, from its nature, is liable to be repeated and continuous, but is remediable by a change of plan and the adoption of prudential measures, the corporation is liable for such damages as occur in consequence of its continuance of the original cause, after notice and an omission to adopt measures to remedy the evil.

*It seems* that immunity from liability for the consequences following the exercise of judicial or discretionary power by a municipal corporation presupposes that the act performed may in some manner be lawfully authorized. Where the act is of such nature as to constitute a positive invasion of the individual rights guaranteed by the Constitution, legislative sanction is insufficient as a protection.

The rule that a municipal corporation acting under the authority of a statute cannot be subjected to a liability for damages arising from the exercise by it of the authority so conferred, is confined to such consequences as are the necessary and usual result of the proper exercise of the authority. It does not shield the corporation where injury results solely from the defective manner in which the authority was originally exercised and from continuance in wrong after notice of the injury.

Commissioners of sewage and assessment of the city of Brooklyn, in pursuance of the authority given them by statute (Chap. 521, Laws of 1857; chap. 136, Laws of 1861), established a drainage district, not theretofore drained over the lands of plaintiff, and a plan of drainage which contemplated the construction of a main sewer into which lateral sewers to be constructed from time to time should empty. The main sewer was built in 1868, and subsequently various lateral sewers. Soon after the completion of the main sewer, actual use demonstrated that it was insufficient to carry off the sewage turned into it, and at times this was forced through the man-holes and inundated plaintiff's premises, inflicting serious injury. These inundations increased in frequency as new lateral sewers were connected with the main trunk, and became well known to the municipal officers. Notwithstanding this the city continued to build and attach lateral sewers, increasing from year to year the evil produced by the defects in the original plan. In an action to recover damages, *held*, that the city was liable ; that having by the exercise of its power created a private nuisance on plaintiff's premises, it incurred a duty of adopting

such measures as should abate the nuisance, and having the power to perform it, its omission to do so renders it liable.

*Mills* v. *City of B.* (32 N. Y. 489), *Smith* v. *Mayor, etc.* (66 id. 295), *Wilson* v. *Mayor, etc.* (1 Den. 595), *Lynch* v. *Mayor, etc.* (76 N. Y. 60), distinguished.

(Argued November 30, 1885 ; decided January 19, 1886.)

APPEAL from order of the General Term of the Supreme Court, in the second judicial department, made July 14, 1884, which reversed a judgment in favor of defendant, entered upon an order dismissing the complaint on trial and which granted a new trial.

This action was brought to recover damages alleged to have been caused to plaintiff's premises by defendant's negligence in the construction of a sewer.

The facts are sufficiently stated in the opinion.

*John A. Taylor* for appellant. The perfecting and consummation of the sewage plan thus committed to a special commission was a matter of public concern, called for by the health and safety of the people at large, in which the commissioners acted *quasi*-judicially and as public agents. (*Maxmillan* v. *Mayor, etc.*, 62 N. Y. 168 ; *N. Y. & Brooklyn S. M. Co.* v. *Brooklyn*, 7 id. 580.) Municipal corporations are in no case liable for errors of judgment committed by subordinate departments as to matters of a judicial nature. (*Wilson* v. *Mayor, etc.*, 1 Denio, 595 ; *Governor* v. *Meredith*, 4 Durnf. & East, 796 ; *Mills* v. *City of Brooklyn*, 32 N. Y. 496 ; *McCarthy* v. *Syracuse*, 46 id. 196 ; *Hines* v. *Lockport*, 50 id. 238 ; *Kavanagh* v. *City*, 38 Barb. 232 ; *Lynch* v. *Mayor, etc.*, 76 N. Y. 60 ; *Urquhart* v. *Odgensburgh*, 91 id. 71 ; 97 id. 230 ; *Carr* v. *Northern Liberties*, 35 Penn. St. 324 ; *Detroit* v. *Beekman*, 34 Mich. 125 ; *Lansing* v. *Toolan*, 37 id. 152 ; *Allen* v. *Chippewa Falls*, 52 Wis. 430 ; *Darling* v. *Bangor*, 68 Me. 108 ; *Flagg* v. *City of Worcester*, 13 Gray, 601 ; *City Council* v. *Gilmer*, 33 Ala. 116 ; *Daniels* v. *Denver*, 2 Col. 669 ; *Denver* v. *Capelli*, 4 id. 25 ; *Judge* v. *Meriden*, 38 Conn. 90 ; *Magarity*

v. *Wilmington,* 5 Houst. [Del.] 530 ; *Bamadan* v. *District of Columbia,* 2 Mackay, 285 ; *Rozell* v. *Anderson,* 91 Ind. 591 ; *City of Atchinson* v. *Challis,* 9 Kans. 603 ; *Van Pelt* v. *Davenport,* 42 Iowa, 308 ; *Brewster* v. *Davenport,* 51 id. 427 ; *Wicks* v. *De Witt,* 54 id. 130 ; *Bennett* v. *New Orleans,* 14 La. Ann. 120 ; *Dorley* v. *Bangor,* 68 Me. 108 ; *Childs* v. *Boston,* 4 Allen, 51 ; *Merrifield* v. *Worcester,* 110 Mass. 216 ; *Dermont* v. *Detroit,* 4 Mich. 435 ; *Foster* v. *St. Louis,* 71 Mo. 157 ; *Weyman* v. *Jefferson,* 61 id. 55 ; *Wilson* v. *Mayor, etc.,* 1 Denio, 595 ; *Mills* v. *Brooklyn,* 32 N. Y. 496 ; *Smith* v. *Mayor, etc.,* 66 id. 295 ; *Springfield* v. *Spence,* 39 Ohio St. 665 ; *Grant* v. *Erie,* 69 Penn. St. 420 ; *Allentown* v. *Kramer,* 73 id. 406 ; *Fair* v. *Philadelphia,* 88 id. 309 ; *Heth* v. *Fond du Lac,* Cent. L. J., August 14, 1885.) The city cannot be held for consequential damages. (*Radcliff* v. *Mayor, etc.,* 4 N. Y. 195.) A municipal corporation is not liable for damage to private property unless the act complained of was without the authority of or against law or was improperly or wantonly executed. (Weeks on *Damnum Absque Injuria,* 21 ; Dillon on Mun. Corp. 1078 ; Shearm. & Redf. on Neg., § 127.) Plaintiff has no equitable standing in court, for if there was any thing improper in either the plan or construction of the sewer, it was known to him when he built his house, it then having been in operation four or five years. (*Springfield* v. *Spence,* 39 Ohio, 465.) His voluntary occupation of a low lying lot rendered his tenement servient to the discharge of all waters which fell upon the higher lands. (*Martin* v. *Riddle,* 26 Penn. St. 415 ; *Kouffman* v. *Grismer,* id. 407 ; *Broadbent* v. *Ramsbotham,* 11 Exch. 602 ; *Rawstron* v. *Taylor,* id. 369 ; *Frazier* v. *Brown,* 12 Ohio St. 294.)

*William C. De Witt* for respondent. A municipality is not liable in a private action for an omission to exercise discretionary functions, nor for an exercise thereof in a partial or limited extent, nor for the style or plan upon which it may construct a public improvement. (*Mills* v. *Brooklyn,* 32 N. Y. 489 ; *Urquhart* v. *Odgensburgh,* 91 id. 69 ; *Hines* v. *Lockport,* 50

id. 236.)   A municipal corporation has no right to collect the sewage of a large portion of a city and by artificial channels cast it upon lands of another, and for such acts it is liable in damages whether or not they be done in conformity to a plan adopted by its officers, judicially or otherwise. (*Noonan* v. *Albany*, 79 N. Y. 475; *Byrnes* v. *Cohoes*, 67 id. 204; *Bartin* v. *Syracuse*, 36 id. 54; *Rochester W. L. Co.* v. *Rochester*, 3 id. 466; *Richardson* v. *Boston*, 19 How. [U. S.] 270; *Perry* v. *Worcester*, 6 Gray, 544; *Sleight* v. *Kingston*, 11 Hun, 594; *Bastable* v. *Syracuse*, 8 id. 586; *Beach* v. *Elmira*, 22 id. 158; *Ashley* v. *Port Huron*, 35 Mich. 296; *Seifert* v. *Brooklyn*, 15 Abb. N. C. 97.)

RUGER, Ch. J. The defendant in this case invokes the principle, exempting municipal corporations from liability for damages, occasioned through the exercise of judicial functions, by its officers, as a defense to the action.   The cases on the subject are by no means harmonious and render it difficult to deduce from them any general rule, founded upon principle, which clearly marks the line of distinction, between liability and exemption therefrom.   We have, however, been unable to find any case in this State going far enough to sustain the contention of the appellant.

Here certain officers of Brooklyn were constituted by statute commissioners of sewage and drainage, with power to devise and frame, a plan of drainage and sewerage for the whole city, upon a regular system, and upon the adoption of such plan to proceed to construct the drains and sewers, as the public health, convenience or interest should demand, or so much thereof as might be necessary.   (Chap. 521, Laws of 1857.)   By chapter 136, of the Laws of 1861, the commissioners were further empowered, whenever it became necessary, to construct a drain or sewer in any street or avenue for the purpose of preventing damage to property, or to abate a nuisance, and if the same was not in accordance with any plan already adopted, to construct temporary sewers in certain cases, in a manner to avoid such damages, or abate such nuisance.   Under the authority con-

ferred by these acts the commissioners, prior to the year 1868, established a certain drainage district covering a surface of nearly twenty-three hundred acres of land, and embracing within its limits a territory not theretofore drained, over the lands of the plaintiff, situated in the same district, and which contemplated the construction of a main sewer, through certain avenues and streets, into which it was designed that lateral sewers intersecting the whole district should empty, as they should be from time to time thereafter constructed, for the con-venience of the people desiring them.

In pursuance of this plan the main sewer referred to, was built in 1868, and subsequent to that date various lateral sewers were from time to time prior to the trial in 1884, constructed and connected with said main sewer. Within a short time after the completion of the main sewer, actual use demonstrated that it had not sufficient capacity to carry off the accumulations of water and matter turned into it, and the result was that at times of heavy rain and melting snow the collected sewage, being obstructed in its flow, was forced through the man-holes and inundated the district in which plaintiff resides, inflicting serious injury to his property

These inundations commenced nearly ten years previous to the trial and increased in frequency and severity as new lateral sewers were built and connected with the main-trunk, until finally they occurred as often as eight or ten times a year and became well known to the officers of the corporation. Not-withstanding this fact the corporation has continued to build and attach lateral sewers to the main-trunk and increased from year to year the evil produced by the defects of the original plan.

From this review of the facts, it would seem that the case is not brought within the principles decided in the authorities re-ferred to by the appellant. The immunity of a municipal cor-poration from liability for damages, occasioned to those for whose benefit an improvement is instituted by reason of the insufficiency of the plan adopted, to wholly relieve their wants, or on account of a neglect of the municipality to exercise its

power in making desired improvements and other like circumstances, is quite clearly established by the cases   The liability in such cases has been generally, if not always, predicated upon the duty, which the corporation owed its citizens to exercise the power conferred upon it to build streets, sewers, etc., for the convenience and benefit of its property-owners, and its exemption from liability was based upon the limitations necessarily surrounding the exercise of such power, and the judicial character of the functions employed in performing the duty.   The question in *Mills* v. *Brooklyn* (32 N. Y. 489, 495), as stated by Judge DENIO, was that "the grievance of which the plaintiffs complain is that sufficient sewerage to carry off the surface water from their lot and house has not been provided.   A sewer of certain capacity was built, but it was insufficient to carry off all the water which came down in a rain-storm and the plaintiffs' premises were to a certain extent unprotected. Their condition was certainly no worse than it would have been if no sewer at all had been constructed." It was there held that the corporation was not liable.   The case of *Smith* v. *Mayor, etc.* (66 N. Y. 295), related to a sewer of sufficient capacity but which was temporarily obstructed by a deposit of mud and sand of which the corporation had no notice, and an overflow, injuring plaintiff, resulted.   It was held that the corporation was liable for negligence alone, and that, could not be predicated, upon the facts established.   *McCarthy* v. *City of Syracuse* (46 N. Y. 194) was a similar case, and the same principle was there established, the city being charged with liability for an injury occurring through its neglect to repair a sewer after a lapse of time warranting the presumption of notice of the defect.   In *Wilson* v. *Mayor, etc.* (1 Denio, 595, 598), the damages were occasioned by surface water naturally falling upon the plaintiff's premises but prevented from flowing off by the changes made, in grading its streets, by the city.   It was held to owe no duty to its citizen to furnish drainage for the water naturally collected on his premises, and that no liability resulted from the change in the street grade made under statutory authority.   It was further said that the power of the corpora-,

tion "to make sewers and drains is clear, but it is not their duty to make every sewer or drain which may be desired by individuals or which a jury might even find to be necessary and proper." *Lynch* v. *Mayor, etc.* (76 N. Y. 60), was also a case where the natural flow of surface water and drainage was obstructed by the exercise of municipal power in grading, pitching and raising the public streets, and the city was declared free from liability for the damages incidentally occasioned to property in consequence of the obstructed drainage, and its omission to build drains for the convenience of the citizen. Its liability, however, in a case like the present was conceded in the opinion delivered by Judge EARL. In *Hines* v. *City of Lockport* (50 N. Y. 236), the plaintiff was injured by defects in a public street. It was held that the duty resting upon the corporation of building, opening and grading streets, sidewalks, sewers etc., was judicial, but that after they were constructed the duty of keeping them in repair was ministerial, and from an omission to perform that duty liability arose. *Urquhart* v *Ogdensburgh* (91 N. Y. 67, 71) was also a case of injury arising from a defective sidewalk, and the principle there laid down is in harmony with the cases above considered. We have thus referred to the principal cases cited by the appellant, and find no warrant in them for the doctrine that a municipal corporation, in the exercise of its discretionary or judicial power of determining when, where and how to make improvements, such as streets, sidewalks, sewers, etc., has the right to do so upon a plan, which substantially involves the appropriation by it, of the property of a citizen to the public use.

We entertain no doubt as to the liability of the defendant for the damages occasioned by the defects of the sewer, and think it rests upon principles not conflicting with those announced in any reported case, but substantially in harmony with all of them. Municipal corporations have quite invariably been held liable for damages occasioned by acts, resulting in the creation of public or private nuisances, or for an unlawful entry upon the premises of another whereby injury to his property had been occasioned. (*Baltimore & Potomac R. R.*

*Co.* v. *Fifth Baptist Church*, 108 U. S. 317.)   This principle
has been uniformly applied to the act of such corporations in
constructing streets, sewers, drains and gutters, whereby the
surface water of a large territory, which did not naturally flow
in that direction, was gathered into a body and thus precipitated
upon the premises of an individual, occasioning damage thereto.
(*Byrnes* v. *City of Cohoes*, 67 N. Y. 204; *Bastable* v. *Syracuse*,
8 Hun, 587; also in 72 N. Y. 64; *Noonan* v. *City of Albany*,
79 id. 470, 475; *Beach* v. *City of Elmira*, 22 Hun, 158; *Field*
v. *West Orange*, 36 N. J. Eq. 118, 120; S. C. on appeal, 29
Alb. L. J. 397.)

We are also of the opinion that the exercise of a judicial or
discretionary power, by a municipal corporation, which results
in a direct and physical injury to the property of an individual,
and which from its nature is liable to be repeated and contin-
uous, but is remediable by a change of plan, or the adoption of
prudential measures, renders the corporation liable for such
damages as occur in consequence of its continuance of the orig-
inal cause after notice, and an omission to adopt such remedial
measures as experience has shown to be necessary and proper.
(Wood's Law of Nuisances, § 752.)   While in the present case
the corporation was under no original obligation to the plaintiff
or other citizens to build a sewer at the time and in the man-
ner it did, yet, having exercised the power to do so and thereby
created a private nuisance on his premises, it incurred a duty,
having created the necessity for its exercise, and having the
power to perform it, of adopting and executing such measures
as should abate the nuisance and obviate damage.   (*Phinizy*
v. *City of Augusta*, 47 Ga. 260, 263; *Byrnes* v. *City of Cohoes*,
*supra*.)

It is a principle of the fundamental law of the State that
the property of individuals cannot be taken for public use except
upon the condition that just compensation be made therefor,
and any statute conferring power upon a municipal body, the
exercise of which results in the appropriation, destruction or
physical injury of private property by such body, is inoperative
and ineffectual to protect it from liability for the resultant
damages, unless some adequate provision is contained in the

statute, for making such compensation. The immunity which extends to the consequences, following the exercise of judicial or discretionary power, by a municipal body or other functionary, presupposes that such consequences are lawful in their character, and that the act performed might in some manner be lawfully authorized. When such power can be exercised so as not to create a nuisance, and does not require the appropriation of private property to effectuate it, the power to make such an appropriation or create such nuisance will not be inferred from the grant. Where, however, the acts done are of such a nature as to constitute a positive invasion of the individual rights guaranteed by the Constitution, legislative sanction is ineffectual as a protection to the persons or corporation performing such acts from responsibility for their consequences. (*Radcliff's Ex'rs* v. *Mayor, etc.,* 4 N. Y. 195.)

It has been sometimes suggested that the principle illustrated in the maxim, "*salus populi est suprema lex*" may be applied to and will shield the perpetrators, from liability for damages arising through the exercise of such power, by a municipal corporation; but we apprehend that this maxim cannot be thus invoked. (*Wilson* v. *Mayor, etc.,* 1 Den. 595.) The cases where such a doctrine can be properly applied must, from the very nature of the principle, be confined to circumstances of sudden emergency, threatening disaster, public calamity and precluding a resort to remedies requiring time and deliberation. (Whart. Leg. Max. No. 89; *Mayor, etc.,* v. *Lord,* 17 Wend. 285.) It is suggested in the latter case that even in such an event, under the principles of the Constitution, the public would be liable for the damages inflicted. However this may be, we are quite clear that the theory that a municipal corporation has the right in prosecuting a scheme of improvements, to appropriate without compensation, either designedly or inadvertently, the permanent or occasional occupation of a citizen's property, even though for the public benefit, cannot be supported upon the principle referred to. If the use of such property is required for public purposes, the Constitution points out the way in which it may be acquired, when there

is no such imminency in the danger apprehended as precludes a resort to the remedy provided, and the only mode by which it can be lawfully taken in such cases, is that afforded by the excuse of the right of eminent domain.

No question arises here over the distinction between actual or constructive damages, for the inundation of an individual's premises, constitutes a trespass rendering the party occasioning the injury liable for the damages caused. (*Scriver* v. *Smith,* 100 N. Y. 471; Cooley on Torts, 332; *St. Peter* v. *Denison,* 58 N. Y. 416; *Pumpelly* v. *Green Bay Co.,* 13 Wall. 166, 168; *Eaton* v. *B. C. & M. R. R.* 51 N. H. 504.)

We are also of the opinion that the cases, holding that corporations acting under the authority of a statute cannot be subjected to a liability for damages arising from the exercise by them of the authority conferred, have no application to the circumstances existing in this case, as those cases are confined to such consequences only, as are the necessary and usual result of the act authorized.

The exercise of the authority conferred upon the commissioners of sewage and drainage did not require the injury to the property of the citizens of Brooklyn, which has been occasioned by the inundation complained of, and it was not the natural or necessary result of a proper exercise of their powers. Those injuries arose solely from the defective manner in which the authority was originally exercised, and the continuance of the wrong after notice of the injury occasioned. In such cases corporations have been uniformly held liable. (*Radcliff's Exrs.* v. *Mayor, etc., supra.* Wood on Nuisances (§ 752) says: "The rule being that no action lies against an individual or corporation for doing that which is authorized by the legislature, so long as the authority is properly exercised and not exceeded, but that liability does attach where the authority is negligently or improperly exercised, and where, by a reasonable exercise of the power given either by statute or the common law, damages might be prevented, it is held that a failure to exercise such power is such negligence as charges them with responsibility for consequent damages." "As to the necessity for a sewer or

its location or the system or plan of sewerage, the decision of the proper municipal is conclusive, because it is an exercise of a discretion reposed in them by the law, and consequently is not reviewable by the courts; but if in the selection of a location it unnecessarily creates a nuisance to public or private rights, it is responsible therefor." (Citing *Franklin Wharf Co.* v. *Portland,* 67 Me. 46; *Haskell* v. *New Bedford,* 108 Mass. 208, and many other cases.) Dillon, on Municipal Corporations (§ 1051), lays down the rule where the injury is occasioned by the plan of the improvement, as distinguished from the mode of carrying the plan into execution, that there is not ordinarily, if ever, any liability; but in that case he says: " There will be a liability if the direct effect of the work, particularly if it be a sewer or a drain, is to collect an increased body of water and to precipitate it on to the adjoining private property to its injury."

It follows from the principles stated that the order of the General Term should be affirmed, and judgment absolute ordered for plaintiff.

All concur.

Order affirmed and judgment accordingly.