Barnard, P. J.
There was sufficient proof of negligence to go to the jury. The injury was alleged in the complaint to have resulted from the blowing out of a hydrant put in one of the streets of the city by the defendant through one of its departments. The proof shows that this hydrant was put in position in November, 1884. It was proven that it blew out in June, 1885, in the night.
There was no eye witness, but the circumstances pointed unmistakably to the fact that the hydrant was detached at its elbow under the gutter of the street. The water came from that place after the accident and the hydrant was gone from its place. The hydrant was put there to stand, the pressure of the water and it failed in less than a year.
When an accident in the ordinary course of events would not happen without great neglect, the facts proven to that end may go to the jury.
If the case was properly for a jury, then the proof that the elbow was well made as proven by the workmen who-did it or caused it to be done, only makes a question of fact for the jury.
Upon the whole case it is a fair conclusion that there was a neglect in the construction of the appurtenances to the hydrant. Assuming this to be the fact the city is liable *809 under the case of Seifert v. City of Brooklyn, (101 N. Y., 136.)
It was held in that case that section 27, title 19, chap. 863,. Laws of 1873, did not exempt the city from liability when the injury resulted from work done originally defective or continued after notice.
The jury found that the hydrant was originally constructed without due care.
The judgment should be affirmed with costs.
Pratt and Dykman, JJ., concur.