ASHBERRY v. TOWN OF WEST SENECA.

*(Supreme Court, General Term, Fifth Department. October 23, 1890.)*

WATER AND WATER-COURSES—SURFACE WATER—LIABILITY OF TOWN.

 A town is liable for the act of its commissioner of highways in obstructing a ditch maintained for the purpose of carrying off the surface water of a creek, where the effect of such obstruction is to set back upon the land of plaintiff some of the overflow water of the creek which would otherwise have passed off through the ditch.

Appeal from Erie county court.

Action by Thomas Ashberry against the town of West Seneca. There was judgment for plaintiff for $300. Defendant appeals.

Argued before DWIGHT, P. J., and MACOMBER, J.

*Abram Bartholomew* and *Miles C. Bartholomew,* for appellant. *Stephen Lockwood,* for respondent.

MACOMBER, J. The plaintiff, who is the owner of a farm lying on the west side of the highway known as the "North and South Road in the Town of West Seneca," brings this action to recover damages by reason of the negligent maintenance of an embankment or obstruction by which his land was needlessly overflowed by water. A natural water-course, known as "Smokes'

Creek," runs through the plaintiff's lands in the same general direction as the highway, though with many bows and several sharp turns. On the east side of the road there is a ditch beginning at the creek, and terminating at a culvert, a distance of about 1,200 feet. At a point about 200 feet from the creek, an embankment was constructed in this ditch by the defendant's commissioner of highways in the year 1887, which has since been maintained for the purpose of preventing escaping flood waters of Smokes' creek, which found their way to the ditch, from washing out and destroying the highway. There was evidence to sustain the contention of the plaintiff that prior to that time the ditch was sufficient to carry off the surplus waters of the creek, overflowing and coming into the ditch, as well as the surface waters, and that since its construction the effect has been to set back upon the plaintiff some of the overflow waters of Smokes' creek which otherwise would have passed off through the ditch. It is claimed by the counsel for the defendant that the embankment did not interfere with the proper drainage of the surface water, and that such construction was necessary as a means of preventing the creek from overflowing and washing away the highway, and rendering public travel impossible. It was the duty of the defendant to keep the ditch and culvert open so as to carry off the water naturally coming there. Its highway commissioner had not the right to put an obstruction in the ditch, the immediate effect of which would be to interfere with the waters of Smokes' creek, and to precipitate them, in times of freshet, upon the lands of the plaintiff. *Rochester White Lead Co.* v. *City of Rochester*, 3 N. Y. 463; *Barton* v. *City of Syracuse*, 36 N. Y. 54; *Byrnes* v. *City of Cohoes*, 67 N. Y. 204. We think the damage to the plaintiff was proximately caused by the unlawful obstruction of the ditch in question, and that, consequently, the judgment should be affirmed.

DWIGHT, P. J., concurs. CORLETT, J., not sitting.