BEACH *v.* CITY OF ELMIRA.

(*Supreme Court, General Term, Fourth Department.*   November, 1890.)

1. MUNICIPAL CORPORATIONS—SEWERS—DAMAGES FROM DISCHARGE OF SEWAGE.
     A city which discharges sewage collected from privies and water-closets through its sewers upon lands of a private owner is liable in trespass for the damages thereby sustained.

2. JUDGMENT—RES ADJUDICATA—EFFECT ON PARTIES.
     In an action against a city for damages for a trespass on plaintiff's land, by discharging sewage thereon, the judgment roll in a previous action between the parties, brought by plaintiff for an injunction against the continuance of such discharge, as a nuisance, is competent evidence.

Appeal from judgment on report of referee.

Action by William Beach against the city of Elmira for damages to property owned by him, being a block of stores on the north bank of the Chemung river, between the river and Water street in that city, by reason of the construction by the city of a sewer, known as the "State-Street Sewer," which the city used and permitted others to use, and which discharged the sewage and other accumulations collected therein on plaintiff's premises to the great injury of plaintiff.   From a judgment for plaintiff, defendant appeals.   Plaintiff had recovered judgment in a former action against defendant for an injunction to restrain defendant from continuing such discharge from the sewer on his lands.   See 22 Hun, 163.

Argued before HARDIN, P. J., and MARTIN and MERWIN, JJ.

*H. H. Rockwell,* for appellant.   *Reynolds, Stanchfield & Collin,* for respondent.

HARDIN, P. J.   The evidence fully sustains the findings by the referee, and the allegations in the complaint, to the effect that the plaintiff sustained injuries by reason of the wrongful acts of the defendant.   The defendant had no right to discharge or authorize the discharge of sewage upon the lands of the plaintiff, in such a manner as to disturb his enjoyment of the use, or to interfere with the value of the use of his premises.   The wrongs complained of, and established by the evidence, and found by the referee, amount to a trespass upon the plaintiff's lands, and the damages which he has sustained thereby should fall upon the defendant.   *Clark* v. *City of Rochester,* 43 Hun, 271; *Nims* v. *Mayor, etc., of the City of Troy,* 59 N. Y. 500; *Seifert* v. *City of Brooklyn,* 101 N. Y. 136, 4 N. E. Rep. 321.   The sewer constructed by the defendant was used by various persons for the purpose of draining privies and water-closets; and in *Stoddard* v. *Village of Saratoga Springs,* 4 N. Y. Supp. 745, it was said by the court that a municipality "may not lawfully convey the foul material thus collected, and throw it on private property."

We think the judgment roll in the former action was properly received in evidence.   An appeal was taken in that case from the decision made at special term, and the judgment was sustained.   In delivering the opinion of this court in that case, (see *Beach* v. *City of Elmira,* 22 Hun, 163,) LEARNED P. J., observed: "In the present case, the city has emptied one of its sewers on the plaintiff's land.   That is a direct violation of his right; a continual trespass on his property; and for that the city is liable, just as any private person would be.   *Bradt* v. *Albany,* 5 Hun, 591; *Byrnes* v. *Cohoes,* Id. 602, affirmed 67 N. Y. 204."   We think there is no force in the exception taken to the admission of the judgment roll in evidence.   *Peck* v. *Callaghan,* 95 N. Y. 73.   In dealing with a somewhat similar question in the case last cited, where

a judgment roll had been received in evidence, it was said near the close of the opinion, viz.: "It appears that this was entered in an action in the supreme court between the same parties, and involved many of the questions of fact and some of the questions of law arising in this controversy. We think it quite clear that the judgment roll was competent evidence either for or against either of the parties thereto in any subsequent litigation, and was, therefore, properly received in evidence." We see no reason to disturb the allowance of damages. Judgment affirmed, with costs. All concur.