### BURNETT v. MAYOR, ETC., OF CITY OF NEW YORK.

(Supreme Court, Appellate Division, Second Department. January 31, 1899.)

1. CITIES—SEWERS—CONSTRUCTION AND MAINTENANCE—EVIDENCE.

A wooden surface drain, 14 by 22 inches in size, 1½ to 2 feet below the surface, extended several blocks, and connected with a catch and a receiving basin. There was evidence in an action against the city that there were sewer connections between it and houses on both sides of the street, and after a rainstorm there was an overflow of water-closet filth into plaintiff's cellar. Held, that the question whether the overflow was caused by the city's improper construction or maintenance of the drain or basin should have been submitted to the jury.

2. SAME—LIABILITY FOR DAMAGES.

A city is liable for failure to keep sewers within its limits in safe condition.

Appeal from trial term, New York county.

Action by Catharine Burnett against the mayor, aldermen, and commonalty of the city of New York. There was a judgment for defendant, and plaintiff appeals. Transferred from First to Second department. Reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

John M. Perry, for appellant.

Theodore Connoly (William B. Crowell, on the brief), for respondent.

GOODRICH, P. J. The plaintiff was the owner of two houses on the easterly side of Vanderbilt avenue, about 138 feet north of 177th street, in the borough of Manhattan, and sues to recover for damages occasioned to her property by an overflow of water from the sewer in 177th street, opposite the southerly side of the plaintiff's premises. There was a drain on the north side of 177th street, extending for several blocks, and connected with a catch basin at a point about 125 feet east of Vanderbilt avenue, and with a receiving basin on the northeasterly corner of Vanderbilt avenue and 177th street. This drain was of wood, and about 14 by 22 inches in size. It was 1½ to 2 feet below the surface, and emptied into a sewer which ran down Vanderbilt avenue to 176th street. There was evidence tending to show that, although the drain was intended merely to carry off surface water, there were connections for sewage between it and houses on both sides of 177th street between Vanderbilt avenue and Third avenue, the latter being three blocks distant, and that on September 18, 1894, after a rainstorm, the cellars of the plaintiff's houses were filled with water, water-closet filth, and refuse, all of which resulted from an overflow of the receiving basin and the catch basin. There had been a similar overflow into the plaintiff's premises in 1889. At the close of the evidence on both sides the court dismissed the complaint upon the ground that the plaintiff had failed to prove a cause of action against the defendant, and from the judgment entered thereon the plaintiff appeals.

In Quill v. Mayor, etc. (decided at the present term) 55 N. Y. Supp. 889, Mr. Justice Cullen writing, it was held that where a duty imposed upon a municipality arises from the grant of a special power to be exercised for the benefit of its inhabitants, the municipality is liable for the torts of its officers and servants, and that a failure to keep sewers within its territory safe falls within this category; citing Lloyd v. Mayor, etc., 5 N. Y. 369. See, also, Seifert v. City of Brooklyn, 101 N. Y. 136, 4 N. E. 321. Under these decisions we are constrained to hold that the evidence required the court to submit to the jury the question whether the overflow upon the plaintiff's premises was caused by an improper construction or maintenance of the drain and basins. The judgment must be reversed, and a new trial granted.

Judgment reversed, and new trial granted; costs to abide the event. All concur.