(98 App. Div. 195)

## MILES et al. v. CITY OF BROOKLYN.

(Supreme Court, Appellate Division, Second Department.   November 18, 1904.)

1. MUNICIPAL CORPORATIONS—STREETS—CHANGE OF GRADE—SURFACE WATER
—INJURIES TO ADJOINING OWNERS.

Prior to the construction of a catch-basin by defendant city in a street near plaintiffs' property, and the coincident raising of the street grade, no water had ever made its way from the street to plaintiffs' premises, but immediately thereafter overflows from the catch-basin repeatedly invaded plaintiffs' cellar. *Held*, that such facts established a cause of action against the city, since it was not entitled, by a change of grade, to cast surface water on adjoining property in larger quantities than had flowed there before.

Appeal from Special Term, Kings County.

Action by William H. Miles, Jr., and another, against the city of Brooklyn. From a judgment dismissing the complaint at the close of the evidence, plaintiffs appeal. Reversed.

O. N. Brown (I. R. Oeland, on the brief), for appellants.
James D. Bell (R. B. Greenwood, on the brief), for respondent.

WILLARD BARTLETT, J.   The plaintiffs in this action sought to recover damages against the city of Brooklyn on account of the flooding of their factory property, caused by the alleged improper construction of the defendant's sewers, and the improper grading of the streets in the neighborhood of the factory. By the allegations of the complaint they attempted to bring the case within the doctrine of Seifert v. City of Brooklyn, 101 N. Y. 136, 4 N. E. 321, 54 Am. Rep. 664; and, although the proof did not establish all those allegations, I think it went far enough to entitle the plaintiffs to go to the jury.

There was evidence to the effect that prior to the construction of a catch-basin by the defendant in a street near the plaintiffs' property in 1894, and the coincident raising of the street grade, no water had ever made its way from the street onto the plaintiffs' premises, but that immediately afterward, in April of that year, overflows from the catch-basin began to occur. The water would be "just boiling out of the catch-basin, as one would see a boiling spring." It repeatedly invaded the cellar of the plaintiffs' factory—on one occasion to the depth of two feet—and spoiled many goods. I cannot see why this evidence did not make out a prima facie case for the consideration of the jury. Where the direct effect of a sewer or drain is to collect an increased body of water,

¶ 1. See Municipal Corporations, vol. 36, Cent. Dig. § 1785.

and precipitate it upon adjoining property to its injury, the municipality is liable for such consequences. 2 Dillon on Municipal Corporations, § 1051, cited with approval in Seifert v. City of Brooklyn, supra. While it is true that a city may change the grade of its streets without incurring any liability to an adjoining owner merely because the change throws surface water upon such owner's lot in a different way, and even in larger quantities, than it flowed before, the municipality may not lawfully collect the surface water into a channel and throw it upon the land of an abutter. Lynch v. Mayor, 76 N. Y. 60, 63, 32 Am. Rep. 271. The same proposition must hold equally good as to the collection of the surface water of a street into a catch-basin, and the simultaneous elevation of the street grade so as to cause the contents of the catch-basin to flood the plaintiffs' property. The testimony to which I have referred goes to show that the injuries complained of in the case at bar were due to these causes, for which the defendant was responsible; and, if so, it was error to dismiss the complaint. I therefore advise a reversal of this judgment.

Judgment reversed and new trial granted; costs to abide the event. All concur.