■ EMPIRE RAYON YARN CO., INC., Respondent, v. CITY OF MOUNT VERNON, Appellant.— Judgment of the Supreme Court, Westchester County, dated April 18, 1966, modified, on the law and the facts, by (1) striking out the provisions (a) adjudging plaintiff to be entitled to recover damages for flooding of the boiler room and (b) directing an assessment of damages and (2) adding a provision that the complaint is dismissed, with costs. As so modified, judgment affirmed insofar as appealed from, with costs to appellant. The theory of plaintiff's action was that flood waters had erupted from a manhole which was part of the defendant city's storm drainage system and had entered plaintiff's building and premises, causing injury to property. It was alleged that that system was inadequate in design, construction and maintenance. Upon a jury verdict on a trial of the issue of liability alone, the judgment adjudged plaintiff to be entitled to damages for flooding of its boiler room, but not as to its dyehouse. Plaintiff's case was based on eyewitness and expert testimony relating to a particular manhole cover, located opposite its driveway. It developed conclusively that the two manholes opposite plaintiff's property were part of the sanitary sewer system which had absolutely no connection with or function in the storm drainage system. The nearest *storm drain manhole* was located 55 feet south of plaintiff's property on a downhill incline. There was no proof that it had erupted and, even if there was, it was physically impossible for the water to have travelled uphill and entered plaintiff's property. The next nearest manhole of the *storm drain system* was located 153 feet north of plaintiff's driveway, but it is uphill of the property. It is this one that plaintiff, belatedly in the trial, attempted to designate as the erupting one. This attempt failed, in our opinion, because there was no proof that this manhole had erupted and no proof that any water therefrom had found its way into plaintiff's boiler room. Moreover, it was physically demonstrated that the manholes located at the lower elevations would have had to pop off first under normal physical laws before the higher one could have done so. There was no attempt to show that that had occurred. Plaintiff's reliance on *Seifert* v. *City of Brooklyn* (101 N. Y. 136) is misplaced, because in that case the source of the water that had caused the damage was identified as a defective storm sewer. Here the source is not disclosed and the proffered theory rests entirely on speculation. The present case is more like *Beck* v. *City of New York* (16 A D 2d 809, affg. 23 Misc 2d 1036), where the natural contour of the land made the surrounding properties particularly and naturally vulnerable to damage caused by surface waters. There is no proof that such was the cause of damage here, but neither is there proof that a defective storm drain system was the cause. The motion to dismiss the complaint made at the trial should have been granted. Christ, Acting P. J., Hill, Rabin, Hopkins and Benjamin, JJ., concur.