(3 App. Div. 379.)

### McCARTHY v. VILLAGE OF FAR ROCKAWAY.

(Supreme Court, Appellate Division, Second Department. April 21, 1896.)

1. VILLAGE—CONSTRUCTION OF CULVERT—INJURY TO LANDOWNER—DAMAGES.

Defendant village constructed a culvert across a street in the rear of plaintiff's premises, and the water discharged therefrom flowed on said premises, which were lower than the surrounding land. The village had previously raised the grade of a street in front of said premises, and a culvert had been constructed across the same to provide an outlet for the water from plaintiff's land, but, as the land at the lower end was graded by the owner thereof, the culvert became stopped up. *Held* that, though plaintiff was not entitled to recover from the village for damages caused by the grading of the street in front of his land, and evidence of such damages was properly excluded, yet, as there was evidence that the effect of the construction of the culvert on the street in the rear of said premises was to increase the quantity which the land would otherwise receive, and to concentrate the water in a solid stream, thereby increasing its power to injure, a verdict for plaintiff would not be disturbed.

2. ACTION AGAINST VILLAGE — OMISSION TO FILE CLAIM — OBJECTION FIRST RAISED ON APPEAL.

The objection that plaintiff failed to comply with Laws 1889, c. 440, requiring notice of claim for damages against a village to be presented to the village within one year after the cause of action shall have accrued, cannot be first raised on appeal.

Appeal from circuit court, Queens county.

Action by Florence McCarthy against the village of Far Rockaway for damages caused by defendant's construction of a culvert across a street in the rear of plaintiff's premises. From a judgment for plaintiff entered upon a verdict, and from an order denying a motion for a new trial, defendant appeals. Affirmed.

Argued before BROWN, P. J., and PRATT, CULLEN, BARTLETT, and HATCH, JJ.

Daniel Brown, for appellant.

A. N. Weller, for respondent.

BROWN, P. J. The respondent is the owner of a lot of land situate on the west side of Coster street, in the village of Far Rockaway, in Queens county, upon which there stands a dwelling house and a barn. About 200 feet westerly from the rear line of the respondent's lot is a street called "Broadway." In the year 1891 the trustees of the village constructed a culvert or covered drain across Broadway, at a point nearly west from the respondent's land. The water which flows through this drain discharges upon the surface of the ground in what is called "Foss' Lane," and from there it flows upon the respondent's property. This action was brought to recover damages which the respondent alleged she had sustained from the water thus discharged upon her land. The respondent's lot is lower than the surrounding land, and naturally receives the flow of the surface water from the property lying west of it. The natural course of the surface water was through Foss' lane and the respondent's lot, and thence across Coster street to the salt meadows further to the east. It was alleged in the complaint and proven upon the trial that in the year 1890 the trustees of the village had caused

Coster street, in front of the respondent's premises, to be filled in and raised, so that it was, and ever since has been, about two feet above the level of the respondent's lot. When this was first done, a culvert was constructed across Coster street, and an outlet was thus provided for the passage of the surface water from the respondent's lot; but subsequently, and before the trial of this action, owing to the grading of the land at the lower end of the culvert by the owner thereof, it had become stopped up, and was discontinued. It is one of the claims of the appellant that the grading of Coster street was the cause of all the damage and injury to the respondent's property; but that, for losses sustained from that cause, the appellant is not liable. The learned trial judge, however, upon this point ruled with the appellant, and carefully eliminated from the case all claims for damages that might be attributed to the grading of Coster street, and the respondent's right to recover was limited strictly to the claim that by building the culvert across Broadway the appellant had collected and concentrated at that point the surface water from a large territory, and discharged it, through the culvert, upon the respondent's property; and in a charge, to which no exception was taken, the rules of law applicable to such a cause of action were clearly and correctly explained to the jury. Undoubtedly the effect of grading Coster street was to pond the surface waters on the respondent's lot, and it is easy to perceive that in times of heavy and severe rains the respondent might sustain serious loss from such cause alone. But the respondent's assertion that the culvert across Broadway had brought an increased quantity of surface water upon her property was sustained by the testimony of many witnesses, and, while it was positively contradicted by the witnesses called by appellant, the conclusion of the jury upon this conflicting testimony must be accepted as final upon this appeal. We must therefore assume that the fact is that the effect of the culvert across Broadway was to cast upon the respondent's lot a large and substantial quantity of water, which, if the culvert had not been constructed, would not have gone there.

This fact being established, the judgment is supported by the rule applied in Noonan v. City of Albany, 79 N. Y. 470, and in Seifert v. City of Brooklyn, 101 N. Y. 136, 4 N. E. 321. In the latter case the court said:

"Municipal corporations have quite invariably been held liable for damages occasioned by acts resulting in the creation of public or private nuisances, or for an unlawful entry upon the premises of another, whereby injury to his property has been occasioned. * * * This principle has been uniformly applied. to the act of such corporations in constructing streets, sewers, drains, and gutters, whereby the surface water of a large territory, which did not naturally flow in that direction. was gathered into a body, and thus precipitated upon the premises of an individual, occasioning damage thereto."

The case at bar is complicated by the fact that the respondent's lot would, by reason of its position in reference to the surrounding land, receive in its natural course the flow of a large body of surface water, but the testimony on the part of the respondent tended to show that before the construction of the culvert the water spread out over a large space, and that the effect of the construction of the

·culvert and the grading of Broadway was not only to increase the flow of surface water, but to concentrate it in a solid stream, and thus increase its power to cause injury to the respondent's property. This was the essential fact to the respondent's right to recover, and the jury's finding upon it has ample support in the testimony.

The appellant claims that the judgment should be reversed, for the reason that the respondent failed to prove that he had complied with ·chapter 440 of the Laws of 1889, which requires, as a prerequisite to the maintenance of an action against a village for damages, that the claim shall have been presented and filed with the village clerk or duly presented to the board of trustees within one year after the cause of action shall have accrued. Prior to the commencement of this action, the respondent had written a letter to the president of the board of trustees, and in other ways individual trustees had notice of the respondent's claim, but it does not appear that notice of the claim had ever been filed with the clerk, or presented to the trustees, at any meeting of the board. We are of the opinion, however, that this objection is not available to the appellant on this appeal. The record does not show that it was made upon the trial. It was pleaded in the answer, but the motion to dismiss the complaint does not appear to have been made upon this ground, nor was the ·attention of the court called to the respondent's omission in this respect. The point is a technical one, and affects only the power of the court to hear the case, and not the merits of the controversy between the parties. It was one that the defendant could waive, and must be deemed to have waived, by not raising it at the trial. Vose v. Cockcroft, 44 N. Y. 415; Cowenhoven v. Ball, 118 N. Y. 235, 236, 23 N. E. 470. If the objection had been raised on the trial, the court might have sustained it; but the appellant could not omit to raise it there, and take its chance of success before the jury, and, if it was then beaten, reserve the objection for the purpose of defeating the judgment on appeal. If it desired to question the right of the plaintiff to maintain this action, it should have done so at the trial, and, if the objection was overruled, should have seen that the ·erroneous ruling was incorporated in the record.

We find no error in the record before us, and the judgment must be affirmed, with costs. All concur.