(11 App. Div. 120.)

## CARLL v. VILLAGE OF NORTHPORT.

(Supreme Court, Appellate Division, Second Department. December 30, 1896.)

1. MUNICIPAL CORPORATION—CHANGING GRADE OF STREET—SURFACE WATER.
   A village is liable to a property owner for the damage caused by changing the grade of a street so that surface water is collected, carried by a gutter to private property, and discharged thereon.
2. SAME—EMBANKMENT OUTSIDE STREET LINE.
   A village is liable for damage to abutting property by the deposit of earth thereon in the construction of a sidewalk supported by a sloping embankment.

Appeal from trial term, Suffolk county.

Action by Jesse Carll against the village of Northport for damages to his land by a change in grade of Bay View avenue. From a judgment dismissing the complaint on the merits, plaintiff appeals. Reversed.

Argued before BROWN, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

Ackerly & Miles, for appellant.
Thomas Young, for respondent.

HATCH, J. The plaintiff sought by this action to recover damages on account of the collection and discharge of surface water upon his land in larger quantity than naturally flowed thereon, and which carried with it large quantities of dirt, stone, and other material, cut deep gullies in the land, rendering the same unfit for the prosecution of his business thereon as formerly carried on by him. It was alleged in plaintiff's complaint, and proof was given tending to support the allegation, that defendant caused the grade upon Bay View avenue—a street within the corporate limits of defendant—to be changed, and that by reason of such change of grade the surface water from a considerable extent of territory, which had theretofore distributed itself over a large surface without damage to plaintiff, was collected, and diverted from its usual flow to the south, so as to run north along the gutter in said avenue to a point opposite plaintiff's land, where it was discharged in a solid stream upon plaintiff's property inflicting the damage complained of. It is not disputed by defendant but that there has been an increased flow of water upon plaintiff's premises by reason of the improvement. But its position is that such increase is slight; that the work was authorized, and properly performed, and that in making the improvement it exercised a legal right possessed by it to change the grade of the street; and, as no negligence is alleged in the character of

construction, or in the performance of the work, no cause of action is made out. The cases upon this subject are numerous, and the law is well settled. It is the undoubted right of a municipal corporation to grade its streets or change the grade when it deems it necessary so to do, and property owners have no ground of complaint, even though the consequence be that surface water is thrown upon the land, or caused to flow thereon, in larger quantity than formerly, or is prevented from flowing therefrom, and is ponded thereon. But no right exists to collect a material body of water by diverting it from its natural flow, or by other means gather it together, and, when thus collected, conduct it by any artificial channel, and discharge it in a body upon private property. We so held and applied the rule in a recent case. McCarthy v. Village of Far Rockaway, 3 App. Div. 381, 38 N. Y. Supp. 989. Lynch v. Mayor, etc., 76 N. Y. 62, relied upon by the defendant, recognizes the same rule. Authority is abundant in support of this principle. Byrnes v. City of Cohoes, 67 N. Y. 207; Seifert v. City of Brooklyn, 101 N. Y. 136, 4 N. E. 321; Anchor Brewing Co. v. Village of Dobbs Ferry, 84 Hun, 276; 32 N. Y. Supp. 371; Clark v. City of Rochester, 43 Hun, 271. The evidence in this case in support of plaintiff's position tended, as we have seen, to establish the fact that the defendant collected and discharged surface water in a material quantity upon plaintiff's premises, and that he suffered damage therefrom. He became, therefore, entitled to have his evidence submitted and passed upon by the jury, and it was error to deny him this right. Plaintiff's proof also tended to establish that in the construction of the sidewalk upon Bay View avenue the earth which furnished the foundation for the same was deposited upon plaintiff's property three feet wide, extending along its easterly line nearly the entire length. The complaint alleged that such deposit was wrongful, and that plaintiff suffered damage therefrom. Upon the trial plaintiff requested the court to be permitted to go to the jury upon this question, which was denied. We think that this ruling cannot be supported. It has been held that no right exists in a municipal corporation to thus invade private property, even though it be for a public improvement. Moore v. City of Albany, 98 N. Y. 407. Plaintiff is entitled to maintain an action to recover the damage sustained thereby up to the commencement of the action, and to maintain successive actions for the recovery of damage until the nuisance be abated. Uline v. Railroad Co., 101 N. Y. 98, 4 N. E. 536. And he may, by action in equity, recover the entire damage as and for a permanent appropriation of the property. Henderson v. Railroad Co., 78 N. Y. 423. Upon both grounds, therefore, plaintiff was entitled to go to the jury, and it was error to deny the right, and dismiss the complaint.

The judgment should be reversed, and a new trial granted, with costs to abide the event. All concur.