(18 App. Div. 261.)

### BEDELL v. VILLAGE OF SEA CLIFF.

(Supreme Court, Appellate Division, Second Department. June 15, 1897.)

MUNICIPAL CORPORATIONS—DIVERSION OF SURFACE WATER—LIABILITY.

Though a municipal corporation is not bound to construct drains to carry off surface water, and is not liable for a failure to exercise the power of draining the streets, or for an erroneous estimate of the public need, yet if such a corporation collects a material body of water, by diverting it from its natural flow, or otherwise, and, when so collected, discharges it, by an artificial channel, upon private property, it is liable for damage thereby caused.

Appeal from trial term.

Action by Mary E. Bedell against the village of Sea Cliff. From a judgment entered on a verdict in favor of plaintiff, and from an order denying a motion for a new trial, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

Rougier Thorne, for appellant.
George B. Stoddard, for respondent.

GOODRICH, P. J.    The plaintiff in 1892 became the owner of certain premises on the north side of Seventh avenue, in the village of Sea Cliff, upon which she erected a dwelling house.    Her lot and the adjacent streets are on a hillside, which slopes from Seventh avenue northward to Parkway, and from Summit avenue westward toward Central avenue.    This slope indicates what was originally the natural course of surface water.    Previous to plaintiff's purchase, Summit avenue was laid out from Eighth avenue to Parkway, but was not cut through from Seventh avenue to Parkway, and the surface water, or most of it, which came into Summit avenue from the southward, and from Seventh avenue from the eastward, was diverted from its natural flow, and discharged upon the plaintiff's premises through that portion of Summit avenue which lay between Seventh avenue and Parkway.    The village authorities rounded up the roadway of Summit avenue down to Seventh avenue, and made gutters or ditches, .constructing the same in such manner as to gather the surface water into Summit avenue as a channel, diverting it from its passage through the lower part of Summit avenue, and sending it down Seventh avenue, until it poured in considerable volume over the plaintiff's premises, making gullies therein, tearing away piazza posts, and flowing her stable.

This statement of facts is to be derived from the verdict of the jury, to whom, upon conflicting testimony, the court submitted the question whether the village had negligently, unskillfully, or intentionally done the work "so as to divert the flow of water from its natural course across Seventh avenue into the fields or the woods, and turn it around into Seventh avenue, and thus cast it upon the property of the plaintiff."    This question is by their verdict found in favor of the plaintiff.

This court, in the cases of Anchor Brewing Co. v. Village of Dobbs Ferry, 84 Hun, 274, 32 N. Y. Supp. 371; McCarthy v. Village of Far Rockaway, 3 App. Div. 379, 38 N. Y. Supp. 989; and Carll v. Village of Northport, 11 App. Div. 120, 42 N. Y. Supp. 576,—held that, while a municipal corporation may grade or change the grade of its streets whenever it deems it necessary, and property owners have no ground of complaint, even though the consequence be that surface water is thrown upon their land, or is prevented from flowing therefrom, yet no right exists to collect a material body of water, by diverting it from its natural flow, or by other means to gather it together, and, when thus collected, to conduct it by any artificial channel, and discharge it in a body upon private property.

The appellant's counsel relies upon the case of Lynch v. Mayor, etc., 76 N. Y. 62, and other cases, in support of the doctrine that the village was under no obligation to construct drains to carry off the surface water, and thus prevent its flowing upon plaintiff's premises, and that the duty of draining the streets is judicial in its nature. and for a failure to exercise this power, or an erroneous estimate of the public need, no civil action is maintainable.    This is undoubtedly the law, but the court of appeals in that case affirmed a judgment in favor of the municipal corporation, on the ground that there was no allegation that the defendant, by the work complained of, had

diverted any stream of water upon the plaintiff's lot, or that it collected water into a channel, and threw it upon such lot, or caused any more water to flow upon such lot than would have flowed there if the avenue had not been raised. This does not conflict with the principle enunciated by this department, because the allegation of the plaintiff is that the defendant willfully and negligently constructed the roads in such manner and condition that the water and sewage from the roads and streets flowed upon the plaintiff's property, which we construe to be an allegation of damage occasioned in the manner, and within the principle, of the case cited. We think, therefore, that the judgment should be affirmed. All concur, except BARTLETT, J., not voting.