### HENTZ v. CITY OF MT. VERNON.

(Supreme Court, Appellate Division, Second Department. January 9, 1903.)

1. NUISANCES—TRIAL BY REFEREE—STIPULATIONS—DAMAGES—REVIEW.

Where, in an action for a nuisance, tried before a referee, it was stipu- lated that, if plaintiff was entitled to recover, he should recover the dif- ference in the market value of his property with and without the nuisance, and that the referee might visit the property, view the same, and that his view might be taken into consideration in determining the case not only as to the obstructions, but as to the lay of the land and as to its character, in the absence of evidence that the referee proceeded in assess- ing damages on an erroneous theory of the law, the question of the amount of damages assessed under such stipulation was not reviewable.

2. SAME—DAMAGES—EXCESSIVENESS.

Where, in an action for damages for a continuing nuisance, it was stipulated that plaintiff, if entitled to damages, should recover permanent damages, and that no subsequent action should be brought, and defend- ant's evidence was to the effect that the property damages was worth at least $100,000, while plaintiff's evidence placed the value at double that amount, a judgment fixing the damages at $30,000 was not excessive as matter of law.

3. SAME—NATURAL WATER COURSE—OBSTRUCTION—INCREASE OF FLOW—NUI- SANCE.

Where a creek, which naturally drained a comparatively small area, was filled up by a city in the construction of a sewer system under a

---

¶ 3. See Municipal Corporations, vol. 36, Cent. Dig. §§ 1784, 1785.

defective plan, and in place of the stream a 24-inch sewer pipe was laid, and the drainage so changed that a much larger area was drained thereby, so that the pipe was insufficient to carry off the water, and in times of high water sewage and filth were deposited over plaintiff's property, such sewer constituted a nuisance, rendering the city liable to plaintiff for damages caused thereby.

Appeal from judgment on report of referee.

Action by J. Henry Hentz against the city of Mt. Vernon. From a judgment in favor of plaintiff on a referee's report, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, WOODWARD, and HIRSCHBERG, JJ.

William J. Marshall, for appellant.

Odell D. Tompkins (George C. Appell, on the brief), for respondent.

WOODWARD, J. The owner of certain premises located in the city of New York immediately adjacent to the city of Mt. Vernon brings this action against the city of Mt. Vernon for damages alleged to have been sustained by the plaintiff by reason of the creation or maintenance by the latter of a nuisance, whereby plaintiff was specially damaged. The parties to the action have stipulated that the system of drainage constructed and maintained by the city of Mt. Vernon, complained of in the complaint, was, is, and is intended to be a permanent structure, and the defendant intends to maintain the same permanently as the same is now in operation, and that, if the defendant is liable for any damages in this action for creating or maintaining a nuisance, the plaintiff shall be allowed to prove and recover as his damages for such nuisance the difference in the market value of his property with or without such nuisance, which may have been or be caused by the acts of the defendant complained of in this action; and that the plaintiff shall not bring any further action at law or in equity to recover damages from the defendant for any acts of the latter in the event of his recovering herein the difference in the market value of his property with and without the aforesaid nuisance. It was also stipulated upon the trial that the referee might visit the property involved in the controversy, and view the same, and that his view might be taken in consideration by him in determining this case,—"not only his view as to those obstructions, but his view as to the lay of the land, his view as to what is swamp land and what is not swamp land; in other words, that his inspection shall be used by him with the same force and effect as if he were a commissioner to determine the value of real estate, or the damage done to real estate, in condemnation proceedings." While the defendant urges, on the authority of Claflin v. Meyer, 75 N. Y. 260, 267, 31 Am. Rep. 467, that the facts appearing to the referee upon such view should appear in the record, we are of opinion that under this stipulation, in the absence of evidence that the referee proceeded upon an erroneous theory of the law, there is no question of the amount of the damages to be reviewed upon this appeal. The evidence on behalf of the de-

fendant shows that the property was worth at least $100,000, while that of the plaintiff places the figure at double this amount; so that, the nuisance being established, and the damages being for the future as well as for the past, it cannot be said as a matter of law that the judgment in this action is excessive.

The plaintiff is the owner of certain real estate described in the complaint, located in the city of New York upon the boundary of that municipality and the city of Mt. Vernon. Prior to the year 1892, from time immemorial, a natural stream of pure, wholesome water, starting in the vicinity of Twelfth avenue and Second street, in the city of Mt. Vernon, flowed southwesterly through the block bounded by Twelfth and Thirteenth avenues and Second and Third streets, and across Thirteenth avenue at a point distant about 150 feet northerly from Third street, then flowed in a southerly direction across Third street to the southerly boundary·line of the city of Mt. Vernon, and then through plaintiff's land. This was a small brook, the bed of it being about 1½ feet deep and 3 feet wide at the top and 2 feet wide at the bottom. In 1892 the then village of Mt. Vernon caused a sewer to be constructed through Thirteenth avenue between Second and Third streets. In the construction of this sewer, and in changing the grade of Third avenue, the village obstructed said natural stream by running it, or attempting to run it, through an inadequate culvert under Thirteenth avenue. This caused the water to back up and flood adjoining property in times of rains and freshets. This condition continued until after 1895, when the city entered into a contract for the construction of drains to carry off the surface water with Cortright and Kenlon. It appears from the evidence that, owing to the errors in the engineering plans, the difficulties with the sewer system continued, and that an effort was made to induce the plaintiff in this action to permit the defendant to enter upon his premises for the purpose of making repairs or alterations in the system. This being denied, the city called upon its board of health to force the construction of an outlet through the premises of the plaintiff. This was done, the defendant in the meantime· having caused the natural stream to be filled up its entire distance through the city of Mt. Vernon. In place of the natural stream, a 24-inch sewer pipe was laid, connecting the surface drainage of the entire watershed by means of catch-basins and lateral drains, so that it appears from the evidence that 50 per cent. of the rain fall of the said watershed was precipitated into this main sewer pipe within 30 minutes of the time that it fell. The plaintiff, about the time that the defendant filled up the natural stream within the city of Mt. Vernon, caused the stream passing through his premises to be covered over a portion of the distance, and made adequate preparation for taking care of the natural flow of the stream.· His contention in this action is that the waters, by reason of the accelerated flow due to this system of surface drains, have carried down into this natural stream the filth and pollution of the city, and, the capacity of the stream being overtaxed, the surface water, with its collection of garbage and refuse from the streets, has overflowed its bounds, and distributed the same over

his property, causing noxious odors, and creating a nuisance, by which he is especially damaged.   The learned referee before whom the case was tried has found upon sufficient evidence that the contention of the plaintiff is true, and has fixed his damages at $30,000.   From the judgment entered the defendant appeals to this court.

After a careful examination of the long line of authorities called to our attention by the learned counsel for the defendant, we are unable to distinguish this case in principle from that of Noonan v. City of Albany, 79 N. Y. 470, 35 Am. Rep. 540, and the many cases which have followed its doctrine down to and including Huffmire v. City of Brooklyn, 162 N. Y. 584, 590, 57 N. E. 176, 48 L. R. A. 421, where the leading case is cited.   In Carll v. Village of Northport, 11 App. Div. 120, 121, 42 N. Y. Supp. 576, the court say:

"It is the undoubted right of a municipal corporation to grade its streets or change the grade when it deems it necessary so to do, and property owners have no ground of complaint, even though the consequence be that surface water is thrown upon the land, or caused to flow thereon in larger quantity than formerly, or is prevented from flowing therefrom and is collected thereon. But no right exists to collect a material body of water by diverting it from its natural flow, or by other means to gather it together, and, when thus collected, to conduct it by any artificial channel, and discharge it in a body upon private property."

The defendant seeks to distinguish the line of cases of which this is one upon the theory that the defendant had not diverted the water from its natural flow, but has merely collected the drainage of the watershed, and conducted it into the channel of the natural stream. While, in some of the cases, there is a suggestion that the drainage area has been enlarged, and additional water carried into the natural channel, this, it seems to us, is an impractical and immaterial distinction.   The gravamen of the action is the collecting and precipitating of the waters of a municipality into a stream which is inadequate for the purposes of drainage.   The stream, which in the natural state would be capable of carrying off waters of a watershed, where only about 20 per cent. of the rainfall would reach the stream within 30 minutes, may become entirely inadequate when, as shown by the evidence, 50 per cent. of the water reaches the bed of the stream within the same period under the drainage system adopted by the defendant.   It is the act of the defendant in overtaxing by artificial means the natural waterway, overflowing the plaintiff's grounds, and causing him special damage, which constitutes the cause of action. It clearly appearing that the defendant is responsible for this condition of affairs, brought about by its own disregard of the engineering problems presented, there is no reason in law or equity why the damages plaintiff has sustained and will sustain shall not be compensated.   It is clearly the principle recognized and adopted in the case of Noonan v. City of Albany, supra, as well as in McCarthy v. Village of Far Rockaway, 3 App. Div. 379, 381, 38 N. Y. Supp. 989; Carll v. Village of Northport, 11 App. Div. 120, 122, 42 N. Y. Supp. 576, and authorities there cited; Huffmire v. City of Brooklyn, 22 App. Div. 406, 411, 48 N. Y. Supp. 132, and authorities there cited; s. c. 162 N. Y. 584, 590, 57 N. E. 176, 48 L. R. A. 421, and authorities there cited.   See, also, Spink v. Corning, 61 App. Div. 84, 70 N.

Y. Supp. 143, affirmed, without opinion, 172 N. Y. ——, 65 N. E. 1122. The defendant relies upon Anchor Brewing Co. v. Village of Dobbs Ferry, 84 Hun, 274, 32 N. Y. Supp. 371, and, while some of the expressions used by the court may seem to support the contention of the defendant, we are unable to hold that it is controlling in this case. The changes which were under consideration in that case relate to alterations in the grade of the streets, and it was not shown that the municipality had constructed or operated any drains in the territory, except such as were purely incidental to the changes of grade and improvement of the streets. In other words, the rainfall of the watershed was not concentrated in artificial channels, and precipitated upon private property. The only change made was that incident to the improvement of the highways, which was quite a different case from that presented in the matter now before us.

There seems to be no reason for the contention of the defendant that the board of health of the city of Mt. Vernon, as an independent governmental agency, was responsible for this condition of affairs upon the premises of the plaintiff. The city of Mt. Vernon was clearly the moving party in the work done upon the premises of·the plaintiff, and in thus maintaining the system of drainage by which the plaintiff suffers damage it cannot escape the responsibility in this way.

The judgment appealed from should be affirmed, with costs. All concur.