### FARRELL v.  CITY OF NEW YORK.

(Supreme Court, Appellate Division, Second Department.  June 22, 1906.)

MUNICIPAL CORPORATIONS—LIABILITY FOR DEFECTIVE STREETS.

Where a street was properly constructed, the city is not liable for an accident from a cave-in as a team was going over it after several days of rain; there having been nothing to indicate the defect.

[Ed. Note.—For cases in point, see vol. 36, Cent. Dig. Municipal Corporations, § 1644.]

Hooker, J., dissenting.

Appeal from Trial Term, Queens County.

Action by Frank J. Farrell against the city of New York.  From a judgment for plaintiff, and from an order denying a motion for new trial, defendant appeals.  Reversed.

Argued before WOODWARD, JENKS, HOOKER, RICH, and GAYNOR, JJ.

James D. Bell (John E. Walker, on the brief), for appellant.

Fred Ingraham, for respondent.

WOODWARD, J. The plaintiff, driving a one horse delivery wagon on Myrtle avenue, Flushing, was injured by his horse falling into a hole and throwing him from the wagon. It appears that it had been raining a few days prior to the accident, and that the surface of the street had nothing to indicate that there was any defect; but when the horse reached the point where the accident occurred the surface caved in, showing a cavity as large as a barrel. There was some evidence that there had been other cave-ins along the sewer in this highway, and that the authorities had filled them up as soon as they were discovered, and we fail to see how the city could be charged with negligence when there was no notice, actual or constructive, that a defect existed. The court charged that there was no evidence of any defect in the sewer to cause the cave-in, and the law does not impose the burden of inspection to discover a possible defect in a highway where the same has been properly constructed. All that is required is reasonable care, and we are of opinion that the evidence failed to show a lack of such care on the part of the defendant.

The judgment and order appealed from should be reversed.

Judgment and order reversed, and new trial granted; costs to abide the event. All concur, except HOOKER, J., who dissents.