EMILY DAVIES, Respondent, v. HUBERT A. JAGGER and THE VILLAGE OF SOUTHAMPTON, Appellants.

Second Department, June 10, 1921.

Villages — action to recover damages for injuries to trees, plants, shrubs and other vegetation on plaintiff's land caused by sea water passing through cut made by defendant in natural barrier — village liable for nuisance — measure of damages is cost of replacing trees, etc.— permission to appeal to Court of Appeals granted because of doubt as to proper measure of damages.

The defendant village is liable to the plaintiff for the injuries caused to plaintiff's trees, plants, shrubs and other vegetation by sea water which overflowed plaintiff's land through a cut or opening made by the defendant in a natural barrier which held back the tides, which cut or opening was not adjoining plaintiff's land but was about 250 feet therefrom.

*It seems,* that it was proper to permit the plaintiff to recover compensation for the money required to replace the trees, plants, shrubs and other vegetation.

However, as there is considerable doubt as to the proper measure of damage in such a case permission is granted to appeal to the Court of Appeals.

MOTION for leave to appeal to the Court of Appeals from an order of this court, filed on April 22, 1921, affirming a judgment in favor of plaintiff, entered in the office of the clerk of the county of Suffolk on the 14th day of October, 1919, upon the verdict of a jury, and an order denying defendants' motion for a new trial, in an action to recover damages for the wrongful destruction of shrubs and other vegetation planted on plaintiff's property, alleged to have been caused by reason of defendants' permitting a cut or opening to be made through certain sand dunes lying at the foot of Cooper's Neck lane in the village of Southampton, and forming a natural barrier against the ocean tides.

*Harri M. Howell* [*T. M. & R. P. Griffing* and *P. L. Housel* with him on the brief], for the motion.

*Joseph Wood,* opposed.

RICH, J.:

Plaintiff is the owner of premises situated at the northeast corner of Meadow lane and Cooper's Neck lane in Southampton, N. Y., which are improved by a residence and numerous shrubs, plants and trees, which were laid out by a landscape gardener. The premises were also surrounded with a privet hedge, six to eight feet in height, which had been growing on the premises for at least thirty years prior to the destruction.

It appears that defendant's highway superintendent was employed to cart sand from the foot of Cooper's Neck lane for use on the village highways, and for this purpose a cut or opening was made at his direction in the sand dunes at the foot of the lane in October and November, 1916. On September 4 and 5, 1918, salt water from the ocean penetrated through the cut or opening made by defendant, as a result of which plaintiff's lawns, trees and shrubs, together with some 600 feet of the privet hedge, were destroyed. Plaintiff was not an abutting owner on that portion of Cooper's Neck lane where the cut in the dunes was made, her land being about 250 feet from the cut or opening. The land to the west of Cooper's Neck lane is lower than plaintiff's premises, sloping westward about three-quarters of a mile to Taylor's creek and Shinnecock bay. These dunes and a sand bar were a natural barrier protecting the land behind them, and it appears to have been the custom to place brush where it would collect sand and build up the dunes, to protect the land in the rear.

The trial court has correctly held that the present action may be maintained on the authority of *Carll* v. *Village of Northport* (11 App. Div. 120, 122). That the appellant, although a municipal corporation, is not immune from legal responsibility for the creation of a nuisance is beyond question. (*Herman* v. *City of Buffalo*, 214 N. Y. 316, 318.) The theory upon which the present action is brought is nuisance. Respondent does not claim damages by reason of a change in grade of the highway, but rather because of defendant's act in causing a cut or opening to be made in the sand dunes, whereby salt water was permitted to run over and upon her land. It is true that the sand taken from the dunes was used to raise the grade of certain highways, although it also appears that a stone wall was constructed across Halsey's Neck lane

to stopgap the openings made in the sand dunes at that point, with the object in view of preventing the salt water from undermining the road. But it does not appear that any similar precaution was taken or a barrier erected in the place where the openings were made at the foot of Cooper's Neck lane, through which the water came which destroyed plaintiff's plants and shrubbery.

The learned court charged the jury that the plaintiff, if entitled to any damages at all, is entitled to such sum as represents the fair and reasonable value of the trees, plants and shrubs and other vegetation, together with the cost of transportation and labor necessary to replace such as were permanently injured.

It is contended by the learned counsel for the appellants that the proper measure of damages, if plaintiff is entitled to damages, is the difference in value of the property before and after the injury.

There is no claim for damages to the realty; the shrubs were pleasing to the eye and they had a value only because they were good to look upon, and I think it was proper to permit the plaintiff to recover compensation for the money that it would require to replace them. However, after a careful examination of the authorities cited by counsel upon the question as to the proper measure of damages in such a case, we feel that in the interests of justice this motion ought to be granted.

Motion for leave to appeal to the Court of Appeals granted.

Blackmar, P. J., Mills, Putnam and Jaycox, JJ., concur.

Motion for leave to appeal to the Court of Appeals granted.