PEARL C. JONES, Appellant, *v.* THE CITY OF BINGHAMTON, Respondent.

Third Department, September 27, 1921.

Municipal corporations — action for personal injuries caused by defect in street surface — depression in brick pavement at point where water main excavation had been filled with dirt — when notice to municipality under Second Class Cities Law, § 244, not condition precedent to commencement of action — credibility of witnesses for jury.

In an action to recover for personal injuries caused by a defect in the surface of the street, in which plaintiff was nonsuited on the theory that there was no actual or constructive notice to the city of the defect as required by section 244 of the Second Class Cities Law, it appeared that at the point where the accident occurred the city had made an excavation in the brick pavement for the purpose of a water pipe connection; that the excavation was then filled without replacing the brick and the surface left rounding, so that at the center it was a few inches higher than the surface of the pavement; that the filling was made for temporary use only; that a few hours after the filling was made plaintiff's automobile wheels struck

a depression at that point and her car was diverted from its course and ran into a trolley car.

*Held,* that the city is chargeable with knowledge of the condition in which it left the street surface, but that if the surface was left in a reasonably safe condition for the travel to be expected at that point, and later, from some cause other than the unfinished condition in which it was left, a defect appeared, the city was entitled to notice of that defect before it could be held liable in negligence, while on the other hand, if the defect was due to ordinary travel, because of the unfinished and imperfect condition in which the city left the street surface, notice of the defect was not a condition precedent to a recovery by the plaintiff.

It was error, therefore, for the court to grant a nonsuit and the case should have been submitted to the jury.

The credibility of interested witnesses describing conditions at the place of the excavation was for the jury.

WOODWARD and KILEY, JJ., dissent, with opinion.

APPEAL by the plaintiff, Pearl C. Jones, from a judgment of the Supreme Court, entered in the office of the clerk of the county of Broome on the 8th day of November, 1920, upon the dismissal of the complaint by direction of the court at the close of the case, and also from an order, entered in said clerk's office on the 19th day of November, 1920, denying plaintiff's motion for a new trial made upon the minutes.

*Hinman, Howard & Kattell* [*Donald C. Foster* of counsel], for the appellant.

*Leon C. Rhodes, Corporation Counsel,* and *Charles J. Mangan, First Assistant Corporation Counsel,* for the respondent.

VAN KIRK, J.:

The action is brought to recover damages for injuries suffered in a street in the city of Binghamton, charged to have been caused by a defect in the street surface. At the close of the evidence the court granted the motion for a nonsuit on the theory that there was no actual or constructive notice to the city of the defect. (Second Class Cities Law, § 244.) This presents the one question on this appeal.

There was evidence in the case which would have justified the jury in finding the following facts: The street surface at the place of the accident was a brick pavement. The city had made an excavation for the purpose of a water pipe con-

nection for a house along the street, which excavation was extended from the railway track in the center of the street to the curb and was about two and one-half feet wide. The excavation was then filled and the surface was left rounding, so that at the center it was about five inches higher than the surface of the pavement. The paving bricks had been put aside to be later relaid. The filling as made was for temporary use. Such work was completed about four o'clock in the afternoon and about seven-thirty o'clock in the evening a car driven by one Hoose was broken and at that time there was a depression in the surface of this filling about twelve inches deep in the center. A few minutes thereafter the plaintiff suffered her injuries; the wheels of the car which belonged to plaintiff's husband and in which they were riding struck this depression, the car was diverted from its course and ran into a trolley car.

This work in the street being done by the city was not completed. The city had filled the excavation with dirt. It produced witnesses to show that the filling was properly done, the dirt was tamped in and a hard surface, sufficient for normal traffic, was left. This plaintiff disputes and among other things shows the condition which existed when the injuries were received and shortly prior thereto. The credibility of interested witnesses describing conditions at the place of the excavation is for the jury. The city is chargeable with knowledge of the condition in which it left the street surface. If the surface was left in a dangerous condition, the public should have been reasonably protected by lights or barriers or both. If the surface was left in a reasonably safe condition for the travel to be expected there, and later, from some cause other than the unfinished condition in which it was left, a defect appeared, the city was entitled to notice of that defect before it could be held liable in negligence. If, on the other hand, the defect was due to ordinary travel, because of the unfinished and imperfect condition in which the city left the street surface — because its previous safe condition had not been restored — notice of the defect was not a condition precedent to a recovery by the plaintiff. (*Minton* v. *City of Syracuse,* 172 App. Div. 39; *Tabor* v. *City of Buffalo,* 136 id. 258.)

The case should have been submitted to the jury, with proper instructions.

The judgment is reversed and a new trial granted with costs to plaintiff, appellant, to abide the event.

JOHN W. KELLOGG, P. J., and COCHRANE, J., concur; WOODWARD, J., dissents, with an opinion in which KILEY, J., concurs.

WOODWARD, J. (dissenting):

The complaint alleges that the defendant prior to November 1, 1919, " made an excavation, hole and opening in the pavement on Conklin avenue " in the city of Binghamton, and that " after making such excavation, hole and opening, the defendant   *   *   *   wrongfully, unlawfully, negligently and carelessly omitted, failed and neglected to properly fill said excavation, hole and opening, but left it only partly filled with loose dirt, by reason whereof at the time of the casualty hereinafter mentioned and for a considerable time prior thereto said Conklin avenue   *   *   *   was and remained in an unsafe, dangerous and defective condition with a hole or depression therein nearly, if not quite, a foot deep, about two feet wide measured east and west, and about thirteen feet long measured north and south; that in addition to leaving said space, place and street in a defective and dangerous condition as aforesaid, said defendant, The City of Binghamton,   *   *   *   negligently and carelessly failed, omitted and neglected to place or leave thereat a lighted red lantern or any other signal or warning of such condition." It is further alleged that the plaintiff ran into this hole with an automobile, that the vehicle was deflected from its proper course and upon the track of a street surface railroad, where a collision occurred, resulting in the injuries for which damages are claimed. These matters are, for the purposes of this discussion, purely incidental, as the complaint was dismissed upon the theory that the plaintiff had failed to give the notice required by section 244 of the Second Class Cities Law.

There is no claim that the plaintiff had given the notice. The case proceeded upon the theory that the defendant having itself produced the dangerous condition was not within the

protection of the statute.   The learned trial court dismissed the complaint, holding that the plaintiff, under the facts as they appeared in the evidence, was bound to show the service of the notice required by the statute.   This presents the only question upon this appeal.

The evidence may be deemed to have warranted a jury in finding that the city of Binghamton had made an excavation in the street named for the purpose of making a water connection for a house being constructed along that highway; that after making the connection the excavation was refilled with the dirt which had been excavated, with the exception of a rock weighing about 200 pounds, and a portion of the paving brick; that the earth was tamped and rounded up over the spot to a height of about five inches, and that automobiles and teams passed over the same without showing any substantial depression for a period of a half hour after the work was done; that the work was left at about a quarter to four in the afternoon of November 1, 1919, the paving brick not being relaid but placed upon the curb near at hand obviously to await the settling of the materials placed in the excavation.   It appears to have been misty at this time, and subsequently " quite a bit " of rain fell and at seven-thirty of the same evening a car owned by one M. E. Hoose appears to have run into the excavation and been disabled. So far as appears no one had discovered the depression of about one foot until seven-thirty, at the time the Hoose car drove into it.   So far as the evidence discloses there was no change in the appearance of the place from the close of the work until this preliminary accident.   The car in which the plaintiff was riding followed the Hoose car at an interval of about five minutes, and the accident complained of occurred.

It appears from the evidence, and it was conceded by the plaintiff's counsel, that there was not to exceed fifteen minutes of constructive notice of the condition of this highway to the defendant; and the evidence clearly shows that so far as any appearances could be trusted the street was in as good condition as it could be expected after the completion of the necessary and lawful work of making a water connection in the highway.   It is a matter of common observation and experience that in making excavations it is impossible to

return all of the materials taken out immediately; time and the action of the elements are necessary to restore the earth to its former condition, and it is no uncommon thing to find the earth settling in unexpected places. While a liberal use of water in tamping may obviate some of the difficulties the practice is common to tamp the earth as well as may be under the circumstances and to leave it to settle before restoring the pavement, and this is obviously what was done in the present case. Viewed after the accident, we might say that the defendant might have used a higher degree of care, but the test is a reasonable degree of care, and the evidence in this case clearly indicates, in connection with the presumption that all persons have done their duty, that the defendant followed the usual practice in this case. The street at four o'clock appeared to the plaintiff's husband, who passed that way, in good condition, the earth being rounded up over the place where the excavation had been made, and no change is shown in that condition until five minutes before the accident complained of, and if a notice of the defect was due to the city as a condition of the right of recovery there can be no doubt that it did not have such notice constructively, and no pretense is made of any other notice. While it was, undoubtedly, the duty of the defendant to watch this excavation and to be prepared to fill in any considerable depression, in preparation for the restoration of the paving, having followed the usual practice and completed the work so far as it could be done for that day, it is hardly reasonable to expect that it would patrol the ground in anticipation of a cave-in, where after a half hour's usage it had demonstrated no defects. We discover no difference in principle in this case and in that involved in *Farrell* v. *City of New York* (113 App. Div. 687) where the city of New York had constructed a sewer and filled in the excavation, which subsequently caved in resulting in injuries to the plaintiff. There were no surface indications of the defect and the city had no notice, actual or constructive, of any defect in the sewer beneath. Assuming, as we are bound to do in the absence of evidence of negligence in the performing of the lawful work of opening the street for a water connection, that the excavation was filled in in the manner customary in such cases (*Schmidt* v. *City of New York*,

179 App. Div. 667, 671), we are of the opinion that the defendant is entitled to the protection of the statute, and that the judgment appealed from is right and should be affirmed.

KILEY, J., concurs.

Judgment and order reversed, and new trial granted, with costs to the appellant to abide the event.