WILMA VORCE, as Administratrix, etc., of KENNETH VORCE, Deceased, Plaintiff, *v.* TOWN OF TONAWANDA and Others, Defendants.

Supreme Court, Erie County, January 29, 1931.

*John J. Brown* [*J. Lester Kinney* of counsel], for the plaintiff.

*Harold V. Cook* [*O. Clyde Joslyn* of counsel], for the defendant town of Tonawanda.

HORTON, J. This is a motion by defendant to set aside the verdict of a jury upon the grounds that the verdict was against the weight of the evidence, and that no evidence was offered showing a compliance with the provisions of section 74 of the Highway Law (as amd. by Laws of 1918, chap. 161) providing that notice of claim be served on the supervisor and filed with the town clerk within ninety days after the cause of action accrued. The latter of these is the only ground requiring discussion.

Service of a notice was alleged in the verified complaint and denied by the general denial of the answer. The allegation was not of the notice required by the Highway Law, but was sufficient to furnish reason for the court upon the trial to have allowed an amendment so as to make the pleading proper if its attention had been called to it. Purely by oversight, plaintiff's counsel says, he failed to offer in evidence upon the trial the notice and proof of service, and the record contains no reference whatsoever to either. Counsel for defendant did not refer to it in any way upon the trial or in his motions for dismissal at the close of plaintiff's case and at

the close of all the evidence. The plaintiff, therefore, argues that defendant must be deemed to have waived this defect in proof, and that an objection of this kind cannot be taken after judgment has been rendered when plaintiff has no longer the opportunity to remedy the oversight by supplying the necessary proof. Both parties have argued this motion upon the assumption that service of the notice of claim is, in the absence of sufficient excuse or waiver, a condition precedent to an action of this kind. A very strong argument might be made that the statute does not apply in this case, because the dangerous condition was created by the affirmative acts of the town of Tonawanda through its contractor. (See *Jones* v. *City of Binghamton,* 198 App. Div. 183; *Minton* v. *City of Syracuse,* 172 id. 39; *McCarthy* v. *City of Fulton,* 182 id. 337.)

Assuming, however, that counsel are right in their views as to this, the question remains as to the force of the plaintiff's argument as to waiver. Whether this argument is sound depends upon whether the defect in proof goes to the merits of the case or whether it has to do rather with procedure or the right or power of the court to hear the case. If the latter, it is something which defendant can waive and which it must be deemed to have waived by not raising it at the trial. It seems clear to this court that both in reason and under the authorities the service of a notice of claim has nothing to do with the merits of the claim. (See *McCarthy* v. *Village of Far Rockaway,* 3 App. Div. 379, 382; *Sheehy* v. *City of New York,* 160 N. Y. 139, 143; *Missano* v. *Mayor,* Id. 123; *Cowenhoven* v. *Ball,* 118 id. 231, 236.)

In *McCarthy* v. *Village of Far Rockaway (supra),* appellant claimed that judgment should be reversed because of failure of respondent to prove that the statutory notice of claim had been presented and filed with the village clerk or presented to the board of trustees within one year after the cause of action accrued. Upon this point the court said: " We are of the opinion, however, that this objection is not available to the appellant on this appeal. The record does not show that it was made upon the trial. It was pleaded in the answer, but the motion to dismiss the complaint does not appear to have been made upon this ground, nor was the attention of the court called to the respondent's omission in this respect.

" The point is a technical one, and affects only the power of the court to hear the case, and not the merits of the controversy between the parties. It was one that the defendant could waive, and must be deemed to have waived by not raising it at the trial."

In *Sheehy* v. *City of New York (supra,* at p. 143) the court said: " The claim that the service of a proper notice under the statute constituted a part of the plaintiff's cause of action, is not quite

correct. The absence or presence of such a notice relates to and affects the procedure, rather than the cause of action. It relates to the remedy and not to the right."

In *Missano* v. *Mayor* (*supra*), GRAY, J., said: " The filing of the notice was required by the statute in the interest, and for the benefit of the defendant and, while made a condition of the right to maintain the action, the intent was to furnish to the corporation a defense by way of bar to the action when not complied with. The provision affected, not the cause of action, but the remedy, by regulating the procedure."

In *Cowenhoven* v. *Ball* (*supra*, at p. 236) the language of the court is: " The distinction is clear between objections which are *in* the case and arise upon the evidence, and are involved in the controversy between the parties and those which are *to* the proceedings, and not connected with the matters in issue, but are preliminary, and go only to the rights and power of the court to hear the case.

" The former are meritorious and are available to the unsuccessful party on appeal, although they may not have been considered in the lower court. The latter are technical, and do not affect the merits and are deemed to have been waived if the party proceeds with the trial or argument of his case without raising them."

These authorities seem conclusive upon the point involved here, and the motion to set aside the verdict is, therefore, denied.