ERNEST B. COOPER, Respondent, *v.* THE CITY OF BUFFALO, Appellant.

Supreme Court, Erie County, January 8, 1936.

*Gregory U. Harmon, Corporation Counsel,* for the appellant.

*Allan & Lutwack* [*Harold Horowitz* of counsel], for the respondent.

HINCKLEY, J. The action is one in negligence, the plaintiff having fallen upon one of the sidewalks of the city. The plaintiff's testimony was to the effect that he passed along the northerly sidewalk of the City Hall which was free from snow and ice; that as he turned south he faced a heavy gale and stepped on some rough snow, and that in falling he saw that there was an accumulation of ice upon the sidewalk two or three inches thick.

The accident happened about noon of December 26, 1934. The weather reports indicated that both rain and snow had fallen during the morning of that day. The lower court was not requested to, nor did it, instruct the jury as to the principle of law concerning two contributing causes of an accident, one for which the defendant municipality might be held liable, and the other not. But the lower court did say in its charge that if the jury found that " this ice accumulated there as a natural result of the weather conditions and before it could under ordinary circumstances be removed by the city, then, of course, the city was not liable." It must be presumed, in the light of that instruction and the rendition of a verdict for the plaintiff, that the jury found that the accident would not have occurred except for the accumulation of ice. The question of fact as to defendant's negligence is a close one. Without proof of the amount of the rainfall and snowfall during the morning this court cannot say as matter of law that the ice beneath the recent rain or snow was not one of the contributing causes of the accident without which the accident would not have occurred.

There was no proof of actual notice to the defendant of the dangerous condition of the sidewalk. The only claim of constructive notice is the inference that due to the condition of the weather for two days prior to the accident there was not sufficient fall of snow to cause the accumulation of ice. The plaintiff claims that it must follow that the ice had accumulated and remained in a dangerous condition for a sufficient length of time prior to the

accident to give to the defendant municipality constructive notice thereof. The court does not believe that such an inference follows from the testimony or that the jury could find constructive notice to the defendant.

The lack of notice would defeat the plaintiff's cause of action if the accident occurred in front of private property. But the plaintiff fell upon the sidewalk in front of a public building, which building and sidewalk were under the direct control of the defendant municipality. Had the accident happened within the building the care of which was a governmental function and been due to the negligence of an employee of the city and not a nuisance, a different question would have arisen. (*Wilcox* v. *City of Rochester*, 190 N. Y. 137; *Moest* v. *City of Buffalo*, 116 App. Div. 657; affd., 193 N. Y. 615; *Oakes Mfg. Co.* v. *City of New York*, 206 id. 221.) The liability of the defendant to keep its streets and sidewalks in a condition reasonably safe for vehicles and pedestrians is an exception to the rule that a king can do no wrong.

Sections 173 and 188 of the Charter of the City of Buffalo (Local Laws of 1927, No. 4, published in Local Laws of 1932, p. 21) provide as follows:

" § 173. Duties and powers. The commissioner of public works shall have all the powers and shall exercise all the duties hereinafter conferred upon the several divisions of the department and shall have such other powers and duties as may be granted to him by this act or by ordinance or general law."

" § 188. Duties and powers. The director of streets, under the supervision of the commissioner, shall be charged with and exercise the following powers and duties, to wit:

" The cleaning, including the removal of snow and ice therefrom, and sprinkling, of all public streets, alleys, park roadways, park approaches, market grounds and market ways, the cleaning of public sewers and the cleaning, including the removal of snow and ice therefrom, of sidewalks on the public streets, alleys, parks and park approaches."

The obligation of the defendant municipality is, in the instance of a sidewalk surrounding a public building, a primary one. While the city cannot be charged with an active duty to remove snow and ice from all the sidewalks in a large city, it has in this instance an active duty not to inspect and discover but to remove.

Where the primary obligation of care rested upon a defendant municipality and where its own act or failure to act resulted in a dangerous condition, then the doctrine of actual or implied notice has no application. In *Wilson* v. *City of Troy* (135 N. Y. 96) the city, through one of its officers or departments, caused a trench to

be dug in the street and left it unguarded. The court said (at p. 102): " In such a case the negligent act is imputable to the city and the doctrine of actual or implied notice has no application, or at least is unnecessary, where one injured by the neglect of the city to properly guard a place made dangerous by its own act, brings the action." (Cases cited, and *Jones* v. *City of Binghamton*, 198 App. Div. 183, at p. 185.)

" A municipal corporation, having power to maintain and control streets, is bound to exercise ordinary and reasonable care and diligence to see that they are kept in a reasonably safe condition for public travel, that a general rule to that effect may now be considered as established and to be applicable, whether the act or omission complained of and causing the injury was that of the municipal authorities or some third party." (*Nelson* v. *Village of Canisteo*, 100 N. Y. 89, at p. 93.)

" Where the unsafe condition occurs through some other agency or instrumentality, negligence is not imputable until a sufficient time has elapsed to charge the city officials with notice." (*Turner* v. *City of Newburgh*, 109 N. Y. 301, at p. 305.)

The courts have charged municipalities with negligence by their own act or omission to act and without proof of notice where the primary obligation of care rested upon the municipality. They have required actual or constructive notice where some other agency or instrumentality has caused the unsafe condition and where the primary obligation to act was upon some other agency or instrumentality. In reason and logic that distinction applies to the instant case. Had the primary obligation rested upon some other agency to remove the ice and snow from the sidewalk in front of the City Hall, then actual or constructive notice of the dangerous condition must be shown to impute negligence to the city. But where, as in this instance, the primary obligation rested upon the defendant municipality, and the defendant's evidence, presented after the denial of a nonsuit, showed that it had a staff of employees for that purpose, then no notice actual or constructive was necessary as it was its own failure to act which caused the accident.

Judgment of the lower court affirmed, with costs.